MENKENS, Respondent, v. MENKENS, *et al.*, Appellants.

1. In a suit for the conversion of a promissory note, the value of the note will be taken, *prima facie*, to be the sum payable on its face.

*Appeal frow St. Louis Circuit Court.*

*Casselberry*, for appellants.
*Hill, Glover & Hill*, for respondents.

RYLAND, Judge, delivered the opinion of the court.

Plaintiff was the holder and owner of a note for one thousand dollars, drawn by John Coleman, Andrew Coleman and James Coleman, dated April 29th, 1854, payable four months after date, to the order of Burrows & Prettyman, and by them endorsed and guaranteed to plaintiff.    Defendants were parties doing business in the name of J. H. Menkens & Bros.    Plaintiffs, on or about the date of the note, delivered it to defendants for collection.    Defendants endorsed the note in their firm name ; negotiated it for their own use ; parted with the possession ; realized the proceeds, and, on demand, refused to account for the note or pay over the proceeds.    These facts are substantially alleged in the petition and admitted in the answer.

Menkens v. Menkens.

The answer pleads a set-off to a large amount, to which a replication was filed denying the greater part. The cause was tried by the court; the plaintiff rested upon the admissions of the answer, and the defendants offered no proof in relation to the set-off. The defendants proved by a witness that at the maturity of the note, he protested the same for non-payment at the request of Page & Bacon, who were then the holders; that the note was then endorsed by Burrows & Prettyman, defendants, and two other parties; defendants' endorsement being next after Burrows & Prettyman's, and that, so far as the notary knew, the note was not yet paid.

The court gave judgment for plaintiff for the amount of the note and interest, less the amount of set-off admitted and interest thereon, refusing to allow a counter set-off made by plaintiff, of which there was no proof. A motion for review was filed by the defendants and overruled by the court, and the defendants appealed.

The question here is, upon which party was the burden of proof of the value of the note sued for. The defendants insist that the burden of this proof was on the plaintiff, and that he was bound to show the value of the note. The plaintiff insists that the note was, *prima facie*, worth the amount called for on its face. In the absence of proof, the presumption is that this instrument was worth the amount payable by it, and it was the duty of the defendants to have returned it to the plaintiff, and in default of doing so they became liable for its value, which must be presumed to be the amount payable by it, in the absence of all proof to the contrary. Now, although the note here was protested for refusal to pay by the maker, there was no evidence of any refusal to pay by the guarantors, or of their inability to pay. The defendants can not hold the note which was the property of the plaintiff, and refuse to return it to him, and, when sued for the consideration of it, offer no evidence of its value, and justify themselves by saying the plaintiff has offered no evidence of the value, and therefore can not recover.

The note, there being no proof to the contrary, is *prima*

17—VOL. XXIII.

*facie* worth what it calls for on its face, and this presumption is not rebutted in this case by the protest of non-payment by the maker, since its payment is guaranteed by others, and there is no proof of the want of ability on their part to pay. The judgment therefore of the lower court is correct, and must be affirmed ; the other judges concurring.