DEPUY *v.* CLARK.

The pledgee of a promissory note, who settles with the maker and surrenders it, thereby becomes liable to account to the pledgor for the full amount thereof.

If the pledgee of a promissory note, upon settlement, surrender it to the maker, in consideration of a sum of money equal to the debt for which it was pledged, and a reasonable compensation for collecting the same, and another promissory note for the balance, the pledgor may demand either

May Term,
1859.

DEPUY
v.
CLARK.

such other note, or the full amount of the original pledge, after deducting the sum for which it was pledged, and such reasonable compensation.

If the pledgee of a promissory note settle with the maker and surrender it to him for a sum of money equal to, or greater than, the debt thereby secured, and another promissory note for the balance, the pledgor may maintain suit for the amount of the pledge without first having made a demand.

*Thursday,*
*June 9.*

APPEAL from the *Wabash* Court of Common Pleas.

WORDEN, J.—Action by the appellee against the appellant to recover the amount of a promissory note made by one *Volney L. Williams* to the plaintiff, for the sum of 643 dollars, 48 cents, dated *October* 10, 1853, and payable one day after date, alleged to have been placed in the hands of the defendant by the plaintiff, as collateral security for the payment of an account of 50 dollars, due from the plaintiff to the defendant. Averment that the defendant had received certain property and some money from *Williams*, on the note, and that he had surrendered up the note to *Williams*, taking the note of *Williams* payable to himself for the balance, amounting to 439 dollars, 77 cents. The claim was set out in three several paragraphs of the complaint. There was a demurrer filed to the complaint for misjoinder of causes of action, which was overruled. This decision we cannot revise, if wrong. 2. R. S. p. 38, § 52.

There were demurrers filed to two of the paragraphs of the complaint, but as none of the statutory causes of demurrer were assigned, they were correctly overruled. *The State* v. *Leach*, 10 Ind. R. 308.—*Lane* v. *The State*, 7 *id.* 426.

The defendant answered in several paragraphs, to which replications were filed, and the cause was tried by a jury. Verdict for the plaintiff for 577 dollars, 12 cents, on which judgment was rendered, over a motion for a new trial.

By a bill of exceptions setting out all the evidence, it appears that on the trial the plaintiff proved by a witness that he started west in *November*, 1853; and that soon after he started, the defendant told the witness that he had loaned the plaintiff 60 or 65 dollars, and had taken of him a note on *Williams*, his half-brother, for some 607 dollars, as security; and that he had taken an assignment to the

effect that he was to repay the money, or the *Williams* note was to be his. He said, if *Clark* did not pay him by a certain time, the note was to be his; that he had let *Clark* have the money to go west to see his brother, *Williams*, to get money to redeem his land from a mortgage, and *Clark* did not return for fourteen months.

By said *Volney L. Williams*, he proved that in *May*, 1854, the defendant presented to him, in *Illinois*, the note in question, and that he settled it by giving the defendant a buggy and harness, at 225 dollars, 300 dollars in money, and his note for the balance of 439 dollars, 77 cents, payable in six months, to the defendant. The other note was given up to *Williams*.

*Williams* was solvent at the time, and worth considerably more than would pay all his debts. He did not represent to the defendant that he could not make the money off him by suing, or that he was embarrassed.

This is the substance of the plaintiff's testimony, except some testimony tending to show a demand before suit brought.

During the examination of one of plaintiff's witnesses, the defendant offered to prove by him that the plaintiff had offered to sell the *Williams* note to the witness for the same amount that defendant gave for it, 85 dollars, to which proof plaintiff's counsel objected, on the ground that it formed no part of the agreement between the parties to the suit; and the objection was sustained, and the defendant excepted.

The objection was not based upon the ground that the defendant could not go out of a proper cross-examination for the purpose of establishing facts necessary to sustain his defense, and that, if he wished to prove such facts, he must make the witness his own, and introduce him for that purpose. The objection was simply that the testimony was irrelevant. We cannot say, however, that the ruling was wrong. From all the evidence then before the Court, the testimony did not appear to be relevant. Counsel did not even undertake to afterwards show its relevancy. The ground assumed in the argument is, that if *Clarke* offer-

ed the note to the witness for 85 dollars, it showed what he thought it to be worth, and the probability of his having offered and sold it to *Depuy* for the same sum. But at that time there was no evidence before the Court on the subject of the purchase of the note by *Depuy*, for the sum of 85 dollars, or otherwise. The offering of a piece of property to one man for a certain sum, would not ordinarily have any tendency to prove a sale of it to another man for the same sum.

If, after the defendant had introduced his proof to establish a sale of the note by the plaintiff to the defendant for 85 dollars, the disparity between the amount paid and the amount of the note, rendered the transaction improbable, or the testimony doubtful, and if the testimony offered became thereby admissible (a question which we do not decide), as showing the value put upon the note by *Clark*, and thus removing the apparent improbability of the transaction, the proof should have been then offered.

It is said, in note 326 to Phillip's Evidence, that "If evidence be irrelevant at the time it is offered, it is not error to reject it because other evidence may afterwards be given, in connection with which it would be relevant. If it would be relevant in connection with other facts, it should be presented in connection with those facts, and an offer to follow the evidence proposed with proof of those facts, at a proper time."

One of the grounds of defense was, that the note was unconditionally sold and transferred by the plaintiff to the defendant.

The defendant proved by a witness, that a few days before *Clark* went west and was so long gone, witness was in defendant's office, when the plaintiff came in and proposed to sell the defendant a note on a man named *Williams* for 600 or 700 dollars; defendant said he did not care about buying it. *Clark* asked 100 dollars for it; defendant said he could not give that. *Clark* was owing defendant a doctor's bill, and defendant proposed to give *Clark* the account against him, and cash, to make, in all, 85 dollars. The account was between 20 and 30 dollars. *Clark* said

he would take it, and the money was paid to him, and the note was transferred to the defendant, and the plaintiff went out. After he had gone out, the defendant called to him and asked him when he was coming home. *Clark* replied "in a month." The defendant then told him, if he would come back in a month, he would let him have the note for the same he had given him for it. This last conversation was after the trade for the note had been made, and after the plaintiff had gone out.

If the account of the transaction given by the last-mentioned witness, be correct, it is clear that the plaintiff has no ground of action against the defendant. There was a complete sale and transfer of the note for a valuable consideration. According to this statement of the case, the debt which the plaintiff owed defendant for a doctor's bill, was extinguished, and there was no agreement, express or implied, to refund the money paid for a transfer of the note.

Suppose, on this state of facts, the defendant had sued the plaintiff for the doctor's bill and the money advanced, he certainly could not have recovered.

There was no debt to secure which the note could be pledged, as the transfer of the note canceled the previous indebtedness. Nor was the transfer of the note in any manner conditional, but absolute. Even the proposition made by the defendant to the plaintiff, after the trade was completed, that if he would in a month come back, he, the defendant, would let the plaintiff have the note again for what defendant had given him for it, does not appear to have been accepted by the plaintiff. He did not agree to take the note back on the terms proposed. A proposition on one side, not accepted on the other, has not the binding force of a contract.

On the other hand, if the note was placed in the hands of the defendant as a mere pledge or collateral security for the payment of the debt, we are of opinion that the defendant, under the circumstances shown, was liable to the plaintiff for the amount of the note and interest, deducting the amount of the defendant's claim against the plaintiff, and

his reasonable expenses incurred in collecting the note. By settling the note with *Williams* in the manner he did, and surrendering it up to him, be became bound to the plaintiff for the full amount thereof.

In Story on Bailments, § 321, it is said that, " Where the pledge is a negotiable security (such as a negotiable note), the pledgee has a right to recover and receive the money due thereon, and to sue for it in his own name. But he has no right (unless, perhaps, in a very extreme case) to compromise with the parties to the security for a less sum than the sum due on the security, and if he does, he will be compelled to account to the pledgor for the full value."

This doctrine is sustained by the case of *Garlick* v. *James*, 12 Johns. 146, which was like the present in many of its features. The maker of the note pledged, in that case, as in the present, was solvent.

It is claimed that the defendant cannot be liable for the amount of the note given him by *Williams*, which is not yet paid. But we do not see how the fact that that note has not been paid, would lessen his liability. Suppose he had not taken that note at all, but had compromised the note pledged, and given it up to the maker upon receiving the property and money paid him; he would then have been liable, under the authorities, for the full amount. The fact that he has the prospect of getting something more, cannot surely lessen his liability. In the case of *Garlick* v. *James, supra,* the pledgee had compromised with the maker of the note, and taken about one-half of what was due upon it. It was urged, on the part of the defendant, that the plaintiff might still call upon the maker for the balance due upon the note, as the payment made by him being a less sum than was due, it would not operate as a discharge of the note. But the Court said: " Admitting this to be correct, it will not exonerate the defendant if he has so disposed of the pledge as to make himself responsible. A party may have two remedies for an injury, and may elect which to pursue."

So here, admitting that the plaintiff might be entitled to

the proceeds of the note given by *Williams* to the defendant, he is not bound to pursue that remedy, but may hold the defendant responsible for the whole amount.

At the time of the trial, the *Williams* note amounted, principal and interest, to about 730 dollars. The verdict makes a deduction from this amount of about 153 dollars, for the defendant's claim on the plaintiff, and, as we suppose, for the expenses incurred by the defendant in collecting the *Williams* note. This, under the evidence, seems a fair and reasonable deduction. The damages are not excessive, if the plaintiff can recover at all.

The jury found in accordance with the admissions of the defendant as proved, rather than the testimony offered by the defendant, and we do not feel authorized to disturb their finding. According to those admissions, the note was placed in the hands of the defendant as a mere security for the repayment of the money loaned; and although he at the same time said that if the money was not repaid by a certain time the note was to be his, yet the terms of a conditional sale, if the admissions have a tendency to show such sale, are left vague and uncertain, and the jury having passed upon the whole matter, and having found virtually that the defendant held the note as a mere security, we cannot disturb their verdict.

No point is made as to the variance between the complaint and the evidence, as to the debt for which the note was pledged; but had such point been made, the complaint was amendable below, and would be deemed amended here. *Warbritton* v. *Cameron*, 10 Ind. R. 302.

A point is made as to the sufficiency of the proof of demand for the note before suit, and that no tender was made of the debt to secure which the note was pledged. We think no such tender or demand was necessary. By converting the note to his own use, the defendant became liable to the plaintiff in a greater sum than that to secure which the note was pledged; and for the sum due him, the plaintiff could sue without making any tender of what was due from him to the defendant. And by converting the note to his own use, the defendant became liable to an ac-

May Term, 1859.

DEPUY
v.
CLARK.

tion without any previous demand. *Spencer* v. *Morgan*, 5 Ind. R. 146.—*Cox* v. *Reynolds*, 7 *id*. 257.

On an examination of the whole case, we find no error which we think should reverse the judgment.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*J. U. Pettit*, *C. Cowgill*, and *J. M. Wheeler*, for the appellant.

*J. D. Conner* and *G. E. Cordon*, for the appellee.