## PLESSINGER *v.* DEPUY.

PROMISSORY NOTES.—REVENUE STAMP.—Suit upon a promissory note dated *November* 7th, 1862. When the note was offered in evidence the defendant objected, on the ground that it was not stamped with an appropriate revenue stamp.

*Held*, that, under the act of *July* 1st, 1862, the note should have been stamped, and was not admissible in evidence without a stamp.

*Held*, also, that, under section 5 of the act of *December* 25, 1862, the party offering the note might have removed the objection by affixing the proper stamp.

APPEAL from the *Wabash* Common Pleas.

ELLIOTT, J.—*Depuy*, who was the plaintiff below, sued *Plessinger*, the appellant, before a justice of the peace on a

promissory note dated *November* 7th, 1862, for the sum of $110 33.

In addition to the general denial under the statute, the defendant set up payment of $100, and tender of the residue. The defendant recovered before the justice, and the plaintiff appealed to the Court of Common Pleas.

On the 11th of *June*, 1864, in the Court of Common Pleas, the cause, by agreement of the parties, was tried by the court, without a jury. The court found for the plaintiff the amount of the note and interest, and, over a motion by the defendant for a new trial, rendered judgment on the finding.

It appears by a bill of exceptions, that on the trial, when the plaintiff offered the note sued on in evidence, the defendant objected to its being read in evidence for the reason that it was not stamped; but the court overruled the objection and received the note in evidence, to which the defendant excepted. This is the first question presented in the case.

The 95th section of the internal revenue act of *July*, 1st, 1862, makes all instruments, documents or papers named in schedule B, which includes promissory notes, which are not stamped, invalid and of no effect. Stat. at Large, 1862, p. 475. By the 25th section of the act of *July* 14, 1862, increasing the duties on imports, so much of the act of *July* 1st as related to stamp duties was declared to take effect *September* 1, 1862. Stat. at Large, 1862, p. 561. But the 24th section of the same act so amended the 95th section of the act of *July* 1st, that "no instrument, document or paper made, signed or issued prior to *January* 1st, 1863, without being duly stamped, or having thereon an adhesive stamp to denote the duty imposed thereon, shall, for that cause, be deemed invalid and of no effect. *Provided, however,* that no such instrument, document or paper shall be admitted or used as evidence in any court until the same shall have been duly stamped, nor until the holder thereof shall have proved to the satisfaction of the court that he has paid to

the collector, or deputy collector, of the district within which such court may be held, the sum of $5, for the use of the *United States.*"

This prohibition against admitting or using unstamped instruments as evidence is continued by the fifth section of the act of *December* 25th, 1862. The proviso to the last named section is as follows: "Provided, that no instrument, document, writing or paper required by law to be stamped, signed or issued without being duly stamped, prior to the day aforesaid, (*March* 1st, 1863,) or any copy thereof, shall be admitted or used as evidence in any court, until a legal stamp, or stamps, denoting the amount of duty charged thereon shall have been affixed thereto, or used thereon, and the initials of the person using or affixing the same, together with the date when the same is so used or affixed, shall have been placed thereon by such person. And the person desiring to use any such instrument, document, writing or paper as evidence, or his agent or attorney, is authorized, in the presence of the court, to stamp the same as hereinbefore provided. And section twenty-four of an act entitled 'an act increasing temporarily the duties on imports, and for other purposes,' approved *July* 14, A. D. 1862, is hereby repealed." Stat. at Large, § 863, p. 633. The last named act was in force at the time this cause was tried in the court below. The fifth section is in substance re-enacted, and thereby continued in force, by the 163d section of the act of *June* 30, 1864.

The note given in evidence, to which the defendant objected, as we have seen, was executed on the 7th of *November*, 1862, at which time the act of *July* 1st, 1862, requiring such obligations to be stamped, was in force. It is clear, therefore, that the court erred in permitting it to be given in evidence over the objection of the defendant, without its first having been duly stamped. The plaintiff might have obviated the objection by complying with the act of Congress to which we have referred, but this he did

not do, and the court therefore erred in permitting the note to be given in evidence.

The appellant filed a bill of exceptions, signed by the judge of the court in vacation, but within the time given by the court in term.   On notice and motion of the appellee, the court, at a subsequent term, amended or corrected the bill of exceptions previously filed, thereby changing, to some extent, the statement of that part of the evidence relating to the alleged payment of $100 on said note.   The appellant denies the power of the court so to change the bill of exceptions.   The change made in no wise affected that part of the bill of exceptions which relates to the ruling of the court in permitting the plaintiff below to give in evidence the note sued on, over the defendant's objection, said note not being stamped.   The conclusion reached by us on the latter question renders the modification of the bill of exceptions immaterial in this case, and we need not, therefore, examine it.

The judgment is reversed, with costs.

*J. U. Pettit* and *T. T. Weir*, for appellant.