No. 552.

## HARLAN ET AL. *v.* BROWN.

CONVERSION.—*Promissory Note.—Obtaining by Fraud.—Liability as a Conversioner.*—Where a note was bought from one who, at the time, was in such a mental condition, on account of intoxication, as not to be competent to transact business, and the note so obtained was transferred to a third party, and the third party delivered up the note to the maker, and, instead thereof, took another note from said maker to himself as payee, such third party, by so delivering up the note, to which he had no title, and taking another instead thereof, with himself as payee, became liable to the owner as a conversioner.

CONTRACT.—*Intoxicated Person.— Voidable Contract.*—A transaction with a person who at the time is mentally incapacitated on account of intoxication, is not void, but voidable.

PROMISSORY NOTE.—*Presumption as to Value.—Conversion.*—A promissory note is *prima facie* worth its face, and in an action for the conversion of such a chose in action, if there are any facts rebutting the presumption that it is worth its face value, such matter must be shown in defence to reduce the damages.

INSTRUCTIONS TO JURY.—*Judge Failing to Sign.—Failure to File.— Will not Consider on Appeal.*—Where instructions given by the court to the jury were not signed by the judge, and neither the instructions given by the court nor those requested and refused are filed or preserved by a bill of exceptions, this court will neither consider the instructions given nor examine those refused.

From the Madison Circuit Court.

*E. B. Goodykoontz, E. B. Chamness* and *G. M. Ballard,* for appellants.

*T. P. Foster,* for appellee.

BLACK, J.—The appellee, William H. Brown, sued the appellants, Arthur E. Harlan and Cyrenus F. Heritage. There were four paragraphs of complaint, and a demurrer addressed to them separately was overruled. The appellants answered by general denial. A trial by jury resulted in a verdict for the appellee for seventy-two dollars. A motion for a new trial made by the appellants having been overruled, judgment was rendered on the verdict.

Counsel for the appellants in argument do not question the sufficiency of the first and third paragraphs of the complaint, but they insist that the second and fourth paragraphs were insufficient.

The second paragraph alleged, in substance, that the appellee on the ―――― day of August, 1890, was the owner and in possession of a certain promissory note of the value of eighty dollars, executed by one Patterson Blake as principal and by one Albert Wilson as surety for said Blake, and by them delivered to appellee on the 26th of February, 1889, due six months after date ; that said note was so given for one hundred and fifty dollars, with interest at the rate of eight per cent. per annum, but that payments were made thereon from time to time, for which credits had been entered on the note, reducing its value to eighty dollars ; that on the night of said ―――― day of August, 1890, the appellee was in the town of Alexandria, Madison county, Indiana, in a state of stupid intoxication ; that while he was there in such condition one George Brown procured and took said note from him, without his knowledge or consent ; that at and during the time said George Brown so obtained said note from the appellee, he was unconscious of the fact ; that he did not then realize or understand his surroundings, what he was doing or what was done to him or in his presence ; that he had no intention at that time or thereafter of parting with said note ; that he did not receive any consideration or promise of any consideration from said George Brown or from any one else, " of which he has any remembrance," for said note ; that said note was so taken from him by said George Brown wrongfully and tortiously ; that on the following day after said note was so procured, said George Brown sold it and caused it to be sold to the appellants ; that soon thereafter, to wit, on the ― day of August, 1890, the appellants caused said Patterson Blake and Albert Wilson to give them a new note in place of and for the note which they had so obtained from said George Brown and from his agents ; that upon said

Blake and Wilson's so executing to appellants a new note for said indebtedness the appellants gave to Blake and Wilson said note which appellants had bought from said George Brown and from those acting for him ; that the appellants " now hold said last made note, claim the same as their own property, and are proposing to collect and apply to their own use the sum of money for which it calls " ; that the appellee " has never parted with said note or with the debt which it and the note made by said Blake and Wilson to the defendants represents, otherwise than as above set out; and that by reason of the acts aforesaid plaintiff has been damaged," etc.

The fourth paragraph of complaint alleged, in substance, that the appellee " is by occupation a farmer, and for eighteen years last past has resided and now resides about five miles from the town of Alexandria, in said county and State ; that he is yet and for many years past has been addicted frequently to the excessive use of intoxicating liquors; that now and then, at intervals often of several months, he indulges such appetite, and becomes thereby mentally stupid, in which condition he usually remains for several days, and sometimes for weeks, and during such times he is incompetent to transact business, or to intelligently comprehend the ordinary affairs of life ; that said defendants are bankers, who do a banking business and loaning business in said town ; that they and each of them are, and for several years last past have been, acquainted with the plaintiff; that during all said time they and each of them have known and been fully aware of plaintiff's said weakness, and of his said habit of becoming so intoxicated ;" that on the —— day of August, 1890, the appellee was the owner and in the possession of a certain promissory note, dated February 26th, 1889, calling for one hundred and fifty dollars and interest from date, at the rate of eight per cent. per annum, signed by one Albert Wilson, as principal, and by one Patterson Blake, as

surety, and by them on said day delivered to the appellee as payee; that on the —— day of August, 1890, and on the night of that day, the appellee was in said town of Alexandria, in a state of intoxication, and in such a mental condition that he did not know the value of notes or money, and was not capable of transacting any business whatever; that while he was in said condition, on said day and night, the defendants and each of them, upon seeing him come out of a saloon, followed him up and along the street, and then and there importuned him to sell them some notes, asking him if he did not have a note or some notes which he wanted to sell; that they then induced him to go with them into their bank, and while there handled and looked over his notes which he then had with him; that after so examining said one hundred and fifty dollar note they took it into their possession and kept it; that at the time they so procured said note he did not realize or know what he was doing; that he did not then know that he received any consideration for the note, but the next morning he discovered that he had in his possession fifteen dollars in money and a bank check drawn in his favor on said bank for the sum of one hundred dollars; that on the —— day of August, 1890, the appellants caused and induced said Albert Wilson and said Patterson Blake to execute to them a new note instead of and in renewal of said one hundred and fifty dollar note so obtained from the appellee; that the appellants "now hold said new note, which calls for —— dollars, claim the same as their own property, and are proposing and intending to collect and apply to their own use the sum of money for which it is given;" that during the next day, and for more than a week after the appellants so obtained said note from the appellee, he was and remained in a dazed and stupid condition; that on said next day he went to his home; that during the following few days, while at his home, he studied and brooded over said matter and the fact that he had so lost and been deprived of his

said note until he became enraged and insane; that on the —— day of September, 1890, he came to the appellants' said bank, and while yet so enraged and insane, drew from said bank the money on said check; that on the second day of October, 1890, soon after he had fully recovered his right mind, and had understood the said acts' of the defendants and the trick which they had practiced on him, he went to their said bank and tendered to them the sum of one hundred and forty dollars, more than the sum which he received from them for his said note, and demanded from them his said note; that they and each of them refused to accept said sum or any portion thereof, or to return to him his said note; "that he now brings said sum into court and offers the same to them; that by reason of the acts aforesaid of defendants, the plaintiff has suffered damages in the sum of two hundred dollars. Wherefore," etc.

The second paragraph seems to be a good complaint for the conversion of the note described therein. It shows that the note was taken from the appellee wrongfully, without his knowledge or consent; therefore he did not part with his title to the note. The person who so obtained the note could not transfer title, having none himself. The appellants, having received the note from one who had no title or power to sell or assign it, and having exercised dominion over it by delivering it to the makers for a new note payable to the appellants, thereby converted it to their own use, and became liable to the appellee for its value.

The question whether or not one who purchases personal property from another not the owner obtains a good title will in many cases be a question whether there was a contract between the owner and the intermediate person. *Cundy* v. *Lindsay*, L. R. 3 App. Cas. 459.

A purchase from one who has no power to sell, when the purchaser takes and retains possession, claiming it under the sale, is a conversion. *Hyde* v. *Noble*, 13 N. H. 494.

When one takes an assignment and the possession of per-

sonal property from a person having no authority to dispose of it, and subsequently exercises dominion over it, he thereby becomes liable to the owner for conversion. *Gilmore* v. *Newton,* 9 Allen, 171. See, also, *McCombie* v. *Davies,* 6 East, 538 ; *Moody* v. *Blake,* 117 Mass. 23 (19 Am. R. 394) ; *Curme, Dunn & Co.* v. *Rauh,* 100 Ind. 247 ; *Alexander* v. *Swackhamer,* 105 Ind. 81 ; *Peters Box, etc., Co.* v. *Lesh,* 119 Ind. 98.

We have been somewhat at a loss to determine upon what theory the fourth paragraph was constructed. We have concluded that it was perhaps intended as a complaint to recover the value of the note transferred by the appellee to the appellants upon the ground that he sold it to them when he was incapacitated by intoxication, he having repudiated the contract, and having offered to restore the consideration paid him, after his restoration to sobriety and reason, they in the meantime having rendered themselves incapable of restoring the note itself to him.

His drunkenness did not render the transaction void, but rendered it voidable. *McGuire* v. *Callahan,* 19 Ind. 128 ; *Joest* v. *Williams,* 42 Ind. 565 ; *Louchheim* v. *Gill,* 17 Ind. 139 ; *McClain* v. *Davis,* 77 Ind. 419 ; *Bursinger* v. *Bank of Watertown,* 67 Wis. 75.

The only objection urged against this paragraph is the failure to expressly state what was the value of the note transferred by the appellee to the appellants.

A promissory note is a promise to pay a certain number of dollars. It is *prima facie* worth that many dollars, its face value. In an action for the conversion of such a chose in action, if the maker was insolvent or there was a legal defence to the note, or there were any facts rebutting the presumption that it was worth its face value, such matters might be shown in defence to reduce the damages. *Latham* v. *Brown,* 16 Iowa, 118 ; *American Ex. Co.* v. *Parsons,* 44 Ill. 312 ; *Menkens* v. *Menkens,* 23 Mo. 252.

The fourth paragraph stated the date of the note, the prin-

.cipal and the rate of interest. We are inclined to think that this was a sufficient basis, for the conclusion stated that the appellee was damaged in a certain amount, and that the appellants were put upon their defence as to the value of the note, which would be taken to be the face value unless they showed it to be less.

What we have said disposes of the objection made by appellants in discussing the evidence, that there was no evidence of the value of the notes, which, upon the trial, were treated as being of their face value.

The appellants contend that the jury evidently intended to find for the appellee on the one note on which a balance of eighty dollars was alleged to be due, mentioned in the first and second paragraphs of the complaint, and not also on the note for one hundred and fifty dollars mentioned in the third and fourth paragraphs, and that the evidence shows that the amount of the note mentioned in the first and second paragraphs was sixty-three dollars and not seventy-two dollars; but they have made no reference to any particular portion of the evidence, filling one hundred and thirty typewritten pages.

The instructions given to the jury by the court were not signed by the judge, and are not shown to have been filed; and those requested by the appellants are not shown to have been filed. Neither the instructions given by the court nor those requested by the appellants are preserved by bill of exceptions. *Supreme Lodge, etc., v. Johnson,* 78 Ind. 110; *City of Indianapolis* v. *Murphy,* 91 Ind. 382; *Fort Wayne, etc., R. W. Co.* v. *Byerle,* 110 Ind. 100; *Olds* v. *Deckman,* 98 Ind. 162. Under these authorities and many others which might be cited, we can not consider the objections urged to instructions given, or examine those refused.

We find no available error in the record.

The judgment is affirmed.

Filed March 30, 1892.