## STEWART, EXECUTRIX, ET AL. v. LONG.

[No. 1,682.    Filed May 26, 1896.    Rehearing denied October 13, 1896.]

PLEADING.—*Complaint.*—*Conversion.*—In an action for conversion of a stock of goods on which plaintiff held a mortgage as a security for a note, the note and mortgage need not be made part of the complaint. *p. 166.*

SAME.—*Complaint.*— *Conversion.*— *Demand.*—A complaint alleging actual conversion need not aver demand before suit. *p. 166.*

MORTGAGES.—*Rights of Junior Mortgagee.*— A mortgagee of a stock of goods who takes possession of and sells the same, and receives therefor more than enough to pay the amount of the mortgage and expenses necessarily incurred, must account for the excess to a junior mortgagee. *p. 167.*

SAME.—*Conversion by Senior Mortgagee.*— *Right of Junior Mortgagee to Elect Remedy.*—Where a senior mortgagee, upon a breach of a condition of his mortgage has taken possession of a stock of goods and transferred the same to a third party, who has exclusive possession, and is selling the goods and appropriating the goods to his own use, a junior mortgagee has the right to elect whether he would pursue the goods by foreclosure or sue for conversion. *p. 168.*

APPEAL.—*Evidence.*—*Harmless Error.*—It is not reversible error to refuse to permit a witness, who testified that he bought a stock of

goods for $1,100, partly for cash and partly on credit, and that the stock was worth only $1,000 cash, to state that he paid the $100 more because he bought on credit. *p. 168.*

SAME.—*Joint Assignment of Error.*—Where an exception is made to the instructions given as an entirety, unless all the instructions given were erroneous an appeal thereon cannot be sustained. *p. 169.*

From the Tipton Circuit Court. *Affirmed.*

*A. J. Beveridge, D. Waugh, J. N. Waugh* and *J. P. Kemp.* for appellants.

*W. R. Fertig, H. J. Alexander, G. H. Gifford* and *C. H. Gifford,* for appellee.

LOTZ, J.—One William A. Long executed a mortgage on a stock of drugs, situated in the town of Sharpsville, in Tipton county, to the appellant, Martha H. Stewart, to secure a promissory note of $887.70. Subsequently the said Long executed another mortgage on the same stock of drugs to appellee, Minnie Long, to secure a note of $895.00. Each of said mortgages was duly recorded. Upon a breach of a condition in her mortgage, Martha A. Stewart took possession of the stock of goods and afterwards sold the same to the appellant, John E. Wakefield at private sale. The appellee brought this action against the appellants, alleging that the defendants, with full notice and knowledge of the plaintiff's mortgage, took possession of the mortgaged property, which was of the value of $1,500.00, and sold and converted the same to their own use and mingled the same with other goods, so that it is impossible to identify the same or recover the specific property, and that William A. Long is insolvent.

Issues were joined and there was a trial by jury and a verdict and judgment for the appellee in the sum of $500.00.

The first assignment of error calls in question the

sufficiency of the complaint. It is insisted that the complaint is bad because neither the original nor copies of the plaintiff's note and mortgage are set out or made a part thereof. This contention is not well taken. The note and mortgage are not the foundation of the plaintiff's cause of action, but it is the tort or wrong of the defendants in converting the goods and in destroying the plaintiff's security.

It is further insisted that the complaint is bad because no demand is alleged. It is true that the appellant, Martha A. Stewart, had the senior mortgage, and she was entitled to have the goods first applied to the payment of her debt. But this did not give her an absolute right to the property. She was in duty bound to account to the mortgagor and to the junior mortgagee for the excess after satisfying her own debt. If she converted the goods, or if she and her co-defendant destroyed the security, they must answer for the tort.

If an actual conversion be alleged a demand before suit need not be averred. *Koehring* v. *Aultman, etc., Co.,* 7 Ind. App. 475.

The complaint is unquestionably sufficient to withstand the demurrer.

Another assignment of error is the overruling of appellants' motion for a new trial. It is contended that the verdict is contrary to the law and not supported by sufficient evidence.

The undisputed evidence shows that Martha A. Stewart took possession of the stock of drugs in pursuance of a breach of the terms of her mortgage; that she advertised the same for sale, and on failure to sell at public sale, she sold the stock at private sale to the appellant, John E. Wakefield, and put him in possession thereof; that at the time of such sale she and he both had notice of the existence of the appellee's mortgage, and as a condition of such sale she

agreed to indemnify him against the liens and mortgages thereon; that she received therefor the sum of $1,100.00.   Wakefield continued in the possession of such stock for several months, retailing the same and replenishing the stock as needed, and commingled the goods purchased with those composing the original stock.   William A. Long made payments upon the indebtedness to Mrs. Stewart, which were credited upon the note in the sum of $185.00, and there was a balance due on the note of $702.70, not including interest.   It is apparent that Mrs. Stewart realized nearly $400.00 more than her debt.   If it be conceded that Mrs. Stewart's title was not absolute, and that the appellee was the *bona fide* holder of the second mortgage, it would be inequitable and unjust to permit her to retain this large amount and prevent the junior mortgagee to share in the surplus.   When Mrs. Stewart received enough out of the goods to pay the amount due her on her mortgage and the expenses necessarily incurred, she must account to the junior mortgagee for the excess.

As to whether or not there was an agreement between William A. Long and Mrs. Stewart that the taking possession under mortgage should be an absolute sale, the evidence is conflicting.   The evidence of the value of the goods is also conflicting.   There was evidence which tended to prove that the goods were worth as much as $1,500.00.   Appellant insists that the evidence shows that a large part of the stock was still in the store and could be identified, and was subject to appellee's mortgage.   That some portion of the original stock had been sold by Wakefield, was undisputed, and as to the portion remaining, there was no evidence as to its value.   There was nothing to show that the portion remaining was sufficient to satisfy the appellee's mortgage.

The appellee's mortgage contained a provision that it should include and cover all additions to the stock. Appellants' counsel argue from this that all the goods in stock at the time of the trial were liable for the mortgage and were of sufficient value to fully satisfy the appellee's mortgage, and that therefore this action will not lie. This clause in the mortgage may have been binding upon the mortgagor, but all the additions to the stock were made by Wakefield. It will not be seriously contended that this clause was binding upon Wakefield, and covered such additions as he made. Besides, Mrs. Stewart and Wakefield were each denying the appellee's right to the goods, and Mrs. Stewart sold them absolutely to Wakefield, and Wakefield was in exclusive possession, and sold the goods and appropriated the moneys to his own use. This was equivalent to a conversion. The appellee had the right to elect whether she would pursue the goods by foreclosure or sue for conversion. *Board, etc., v. Trecs,* 12 Ind. App. 479; *Criswell v. Whitney,* 13 Ind. App. 67.

The appellant, Wakefield, testified that he purchased the stock of drugs of Mrs. Stewart for $1,100.00. He paid $700.00 cash and gave his note for $400.00. He also testified that the stock was worth only $1,000.00 cash. The appellants then offered to prove by this witness that he paid $100.00 more than the goods were worth on account of the favorable terms upon which he made the purchase. This offer was excluded. It is insisted that this ruling was reversible error. The witness repeatedly testified that the cash value was only $1,000.00 The proposed testimony would have had a tendency to explain his conduct and was proper for such purpose, but it was a matter that only went to his credibility, and does not

constitute reversible error under the circumstances of this case.

The appellants also insist that the court erred in giving and in refusing to give certain instructions. Several instructions were embraced in each assignment and the assignments are joint. If any one of the instructions given was good, or any one of those refused, properly refused, the assignments fail. Some of the instructions given were good, and some of them are not assailed, and some of those refused were properly refused. *Supreme Council, etc.,* v. *Boyle,* 10 Ind. App. 301.

The appellants also complain of the modification of certain instructions asked by them. It is unnecessary to set out such instructions and the modifications. It is sufficient to say that we have considered them in connection with the other instructions and the evidence, and when so considered there was no error in modifying them.

We find no reversible error in the record.

Judgment affirmed.