# First National Bank of Rensselaer *v.* Ransford.

## [No. 8,283.  Filed March 20, 1914.]

1. APPEAL.—*Sufficiency of Complaint.—Waiver of Defects.—Briefs.* —Reasons for the alleged insufficiency of a complaint are waived on appeal by appellant's failure to present in its brief any point, proposition or authority in support of same.  p. 665.

2. CONVERSION.—*Acts Constituting.*—Where one receives the money of another, with directions to apply it to the payment of a debt owing by the latter to a third person, and in disregard of such directions applies the same to his own or some other use, such use is wrongful and amounts to a conversion of the money so applied.  p. 665.

3. CONVERSION.—*Complaint.—Demand.*—A complaint for the conversion of money or property is sufficient without alleging a demand before suit, where the facts alleged show an actual conversion.  p. 665.

4. CONVERSION.—*Complaint.—Sufficiency.*—The essence of conversion is the wrongful invasion of one's property right by another, and while there can be no such invasion where the latter's possession was rightfully obtained, except upon demand for possession by the former and refusal by the latter, a complaint which averred that plaintiff sold a note and mortgage to defendant with specific directions that the proceeds should be applied to the payment of a certain debt owing by plaintiff, and that defendant subsequently disregarded such directions and applied the money to the payment of the debt of another without plaintiff's knowledge or consent, charged an actual conversion and was sufficient without alleging demand although possession in the first instance was rightfully acquired by defendant.  p. 666.

5. BILLS AND NOTES.—*Value.—Interest.—Pleading.*—A promissory note is *prima facie* worth the specified amount, so that in view of the fact that its interest value is a mere matter of mathematical calculation, an allegation of the amount of a note is sufficient to show its value as a matter of pleading.  p. 667.

6. APPEAL.—*Questions Waived.—Causes for New Trial.—Briefs.*— Causes assigned in a motion for new trial are waived on appeal by appellant's failure to present them in the briefs.  p. 667.

7. CONVERSION.—*Evidence.—Sufficiency.*—In an action against a bank for the conversion of the proceeds of a note and mortgage purchased from plaintiff, evidence showing that plaintiff sold same to defendant with directions to apply the proceeds to a certain purpose, though conflicting, together with undisputed evidence that the amount had been credited on a debt owing to

defendant from plaintiff's husband, and that plaintiff had thereafter unsuccessfully demanded the amount of the note and interest, was sufficient to warrant a verdict for plaintiff. p. 667.

8. APPEAL.—*Review.*—*Merits Fairly Tried.*—*Affirmance.*—Where it appears that the issues in a cause were fully and fairly tried out on the merits of the controversy, and that substantial justice has been attained, intervening errors will be deemed harmless and the judgment will be affirmed. p. 668.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by Margaret Ransford against The First National Bank of Rensselaer. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George A. Williams,* for appellant.
*John A. Dunlap* and *William H. Parkinson,* for appellee.

FELT, J.—Appellee recovered judgment against appellant for $446.67, damages, for the alleged conversion of the proceeds of a certain note and mortgage. The case was tried on the second paragraph of the complaint to which a demurrer for alleged insufficiency of facts to state a cause of action, was overruled. The errors assigned and relied on for reversal are the overruling of the demurrer to the second paragraph of complaint, overruling the motion to modify the judgment and the motion for a new trial.

The second paragraph of the complaint in substance, charges that on February 26, 1910, Edward V. Ransford, the husband of appellee, was indebted to the appellant bank in a large sum; that on that date appellee was indebted to Elizabeth Alter in the sum of $1,500, which was "secured by a mortgage upon a certain piece of real estate in the city of Rensselaer, Indiana"; that on said date appellee was the owner of a certain note and mortgage for $400, dated February 10, 1910, which mortgage was upon certain real estate therein described, signed by Alfred Loman, payable to appellee, and due August 11, 1912; that on February 26, 1910, appellee sold and assigned the note and mortgage to said bank "in consideration of the sum of $400 and the accumulated in-

terest on said note, which said sum the plaintiff directed and instructed the defendant to pay upon plaintiff's indebtedness to the said Elizabeth Alter, and the defendant promised and agreed that they would so pay out said money''; that appellant took and accepted the assignment of the mortgage but wholly disregarded the instructions and directions of this appellee, and wrongfully took the money and credited the amount thereof upon the account of Edward V. Ransford, without her knowledge or consent and she ''received nothing as the proceeds of said sale of said mortgage to the defendant herein.''

The defendant, now appellant, specified certain reasons for the alleged insufficiency of the complaint, but by failure to present any point, proposition or authority in support of such reasons, it has waived all but two, viz., (1) failure to allege a demand for the money, the proceeds of the mortgage and (2) failure to allege the value of the property converted.

The complaint is drawn on the theory of the conversion by appellant of the proceeds of the note and mortgage for $400 and interest, alleged to have been sold to appellant by appellee, with specific directions as to the application of the proceeds. Where one person receives the money of another, with directions to apply it to a particular use (as in this instance, the payment of appellee's debt), and in disregard of such directions, applies the same to his own use, or the use of a third person, such use is wrongful and amounts to the conversion of the money so misapplied. *Terrell* v. *Butterfield* (1883), 92 Ind. 1, 10; *Kidder* v. *Biddle* (1895), 13 Ind. App. 653, 658, 42 N.E. 293; *Bunger* v. *Roddy* (1880), 70 Ind. 26, 28; *Armacost* v. *Lindley* (1888), 116 Ind. 295, 296, 19 N. E. 138; *Fort* v. *Wells* (1896), 14 Ind. App. 531, 533, 43 N. E. 155, 56 Am. St. 316; *Shearer* v. *Evans* (1883), 89 Ind. 400, 404; *Stewart* v. *Long* (1896), 16 Ind. App. 164, 166, 44 N. E. 63. Where the facts alleged show an actual conversion of the money or prop-

erty, the complaint is sufficient without showing a demand for the same before suit. *Nelson* v. *Corwin* (1877), 59 Ind. 489, 490; *Proctor* v. *Cole* (1879), 66 Ind. 576, 579; *Cox* v. *Albert* (1881), 78 Ind. 241, 244; *Buntin* v. *Pritchett* (1882), 85 Ind. 247, 250; *Koehring* v. *Aultman, Miller & Co.* (1893), 7 Ind. App. 475, 480, 34 N. E. 30.

The complaint in this case does not use the word conversion but it clearly shows the sale of the note and mortgage to appellant and the specific directions of appellee as to the use of the money. It also alleges the promise of appellant to apply the money in accordance with such directions and further charges that it wholly disregarded the same and wrongfully applied the money to the payment of a debt of a third person without appellee's knowledge or consent, and shows her damage by alleging that she received no consideration for the note and mortgage. The essence of every conversion is the wrongful invasion of the right to, and absolute dominion over, property owned, or controlled, by the person deprived thereof, or of its use and benefit. *Kidder* v. *Biddle, supra,* and cases cited. In this case, the complaint shows that appellant came into the lawful possession of the note and mortgage and the proceeds thereof. The conversion is shown by the application of the funds to the payment of a debt of a third party, without authority and in violation of the directions of appellee, and the agreement of the parties. The case at bar is unlike that class of cases where money or property is rightfully in the possession of another, who has neither misused nor misapplied the same nor refused to surrender the possession thereof to the one entitled thereto. Such possession is not unlawful and in the absence of a demand for the possession by the party entitled thereto and a refusal to surrender the same, there is no invasion of the rights of property and no conversion. The wrongful refusal on demand, to pay over, or surrender possession, however, is a tortious act, and in such cases must be alleged and proved to make out a case of

conversion.  *Dodds* v. *Vannoy* (1878), 61 Ind. 89, 90; *Terrell* v. *Butterfield, supra* 9, 10.   The allegations of this complaint show a conversion of the proceeds of the note and mortgage and it is sufficient without the allegation of a demand.

A promissory note is a promise to pay a definite sum of money and is *prima facie* worth the specified amount.  Interest is a matter of calculation, and in law that is certain which may be ascertained by mathematical calculation.   If there is a defense to the note, or anything rebutting the presumption that it is worth its face value, such matters may be shown in defense, but as a question of pleading, the allegation of the amount of the note is sufficient to show its value.   *Harlan* v. *Brown* (1892); 4 Ind. App. 319, 324, 30 N. E. 928.   The complaint was sufficient and no error was committed in overruling the demurrer thereto.

The motion for a new trial specifies various causes, but all are waived by failure to present them in the briefs, except those alleging that the verdict of the jury is not sustained by sufficient evidence and errors in the instructions of the court.   In construing the complaint as stating a cause of action for the conversion of the proceeds of the note and mortgage, we have in effect met the objection that the verdict of the jury is not sustained by sufficient evidence.

The assignment of the note and mortgage was in writing and was not questioned by either party to the suit, nor was there any dispute about the fact that the bank had credited the amount of the note and the accrued interest on the debt of the husband of appellee and at the same time had taken his note for the balance due from him, after deducting from the whole amount of his debt the proceeds of the note.   The evidence also shows a demand on appellant by appellee, on June 5, 1911, through her attorneys, for $437.48, the amount of the principal of the note, and seven per cent interest thereon from February 8, 1910,

the date of the note.  It is true the bank offered evidence to show that only one installment of interest haa been paid and that the principal of the note for $400 had not been paid at the time of the trial.  But it also proved by its officer that the note belonged to it and was at that time a part of the assets of the bank.  Appellant obtained the benefit of the proceeds of the note and mortgage and claimed to have done so by authority from appellee.  The question of the right of appellant to apply said proceeds in this manner was the controlling question in the controversy, and on the facts of the case it was not material whether the obligor of the note had actually paid the same to appellant or not.  From the foregoing facts, the jury was warranted in drawing the inference that the note and mortgage were sold to the bank with directions as to the application of the proceeds of the sale as alleged in the complaint.  By its verdict, the jury found for appellee as to every material averment of the complaint.  On the question of appellant's right to apply the proceeds of the note and mortgage as it admitted it had done, there is a conflict of evidence.  The jury had evidence from which it might find as it did and there being some evidence to support the verdict, this court will not disturb the judgment on the weight of the evidence..

Objections are urged to several of the instructions given by the court.  The instructions are subject to some criticism and cannot be commended as accurate statements of the law.  Some of the inaccuracies were against appellee rather than appellant.  On the whole record, after a careful reading of the evidence, we are convinced that the intervening errors are not of such a character as to require a reversal of the judgment.  There is little, if any, probability that a new trial would produce a different result.  As already indicated, the principal controverted question at issue was that of the right of appellant to apply the proceeds of the $400 note to the payment of the debt of appellee's husband.  The record shows that this and other

issues were fully and fairly tried out on the merits of the controversy and that substantial justice between the parties has been done by the lower court. Where this is the case, it is the duty of this court to affirm the judgment. §§407, 700 Burns 1908, §§398, 658 R. S. 1881; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Chicago, etc., R. Co.* v. *Murphy* (1913), 54 Ind. App. 531, 101 N. E. 829; *Grand Rapids, etc., R. Co.* v. *King* (1908), 41 Ind. App. 701, 709, 83 N. E. 778; *Indianapolis St. R. Co.* v. *Schomberg* (1905), 164 Ind. 111, 114, 72 N. E. 1041; *St. Clair* v. *Princeton Coal, etc., Co.* (1912), 50 Ind. App. 269, 98 N. E. 197.

Judgment affirmed.

Note.—Reported in 104 N. E. 604. As to conversion sufficient to maintain trover, see 24 Am. St. 795. See, also, under (1) 2 Cyc. 1014; (2) 38 Cyc. 2025; (3) 38 Cyc. 2071; (4) 38 Cyc. 2032, 2071; (5) 8 Cyc. 138; (6) 3 Cyc. 388; (7) 38 Cyc. 2086; (8) 3 Cyc. 443.