SCHUTT *v.* ARKANSAS RICE GROWERS' AGRICULTURAL CREDIT CORPORATION.

Opinion delivered June 8, 1931.

*George C. Lewis,* for appellant.

BUTLER, J. This case was tried before the court sitting as a jury upon an agreed statement of facts and

an agreement that A. H. Hemme would testify to certain things. The court found for the defendant and entered judgment in accordance with the verdict, from which the plaintiff has prosecuted this appeal.

It may be said that the statements which it is admitted that Hemme would make were not disputed by any witness, so that there was no dispute as to any of the facts in the case, which, as reflected by the record, are as follows: Schutt, the appellant, borrowed $200 from the appellee corporation on the 12th day of November, 1927, for which he executed his promissory note bearing interest from date until paid at the rate of seven per cent. per annum, and as security for its payment pledged with the corporation two notes executed by A. H. Hemme, dated February 1, 1927, each for the sum of $250 with interest at the rate of eight per cent. per annum from date until paid. The note executed by Schutt remaining unpaid, on October 3, 1928, the corporation filed suit against Hemme on his aforesaid notes in the justice court and recovered judgment thereon for the amount thereof with interest. A payment of $100 had been made upon one of the notes on February 1, 1927, and the judgment was for the amount of the notes with interest less this payment. Hemme and the agent of the corporation were present at the time the judgment in the justice court was rendered, and thereafter the agent of the corporation satisfied the judgment, reciting that it had been paid in full, and surrendered to Hemme the note given it by Schutt and the two notes executed by Hemme which had been pledged by Schutt as aforesaid, and this action by the corporation was without the knowledge or consent of Schutt.

It was admitted that Hemme would testify that at this time and upon the delivery of the notes to him he was told by the agent of the corporation that satisfaction of the judgment was in full of all claims against him. This statement was not denied. On the 16th of February, 1931, Schutt brought suit against the corporation, al-

leging the above facts and praying for judgment against the corporation for the difference between $400 with accrued interest and the $200 note with interest representing the amount he owed the corporation.

The court erred in its finding and judgment, but should have rendered judgment for the plaintiff in accordance with the prayer of his complaint. While the corporation had a qualified title in the notes pledged and could recover on them from Hemme, it could not, under the facts in this case, accept anything less than the face value of the notes less the $100 payment, and, having received the amount of the note with interest which Schutt had executed, it was its duty to pay the remainder to him. In this case it is plain that the pledgee converted the notes pledged and by the satisfaction of the judgment and surrender of the notes to Hemme placed it beyond its power to return them after the debt for which they were pledged had been collected as it was its duty to do. As is held in the case of *First National Bank* v. *First National Bank,* 159 Ark. 517, 252 S. W. 594: *"Prima facie,* the value of the note is its face, but the defendant is at liberty to show any fact or circumstance tending to invalidate it or reduce its value." Therefore, in an action for conversion the measure of damage is *prima facie* the face value of the note, and, where no evidence is interposed as in this case tending to invalidate the note or reduce its value, the *prima facie* case becomes conclusive.

In the case of *Hamburg Bank* v. *George,* 92 Ark. 472, 123 S. W. 654, the rule is stated in the second syllabus, as follows: "While a pledgor is not entitled to recover the pledge until the debt for which it is pledged is paid, yet when the pledgee converts the pledge and thereby puts it beyond his power to return it, the pledgor is entitled to sue for the value of the pledge at the time of the conversion, less the amount of the debt."

It follows that the trial court erred in its holding and judgment. The judgment is therefore reversed, and the cause remanded with directions to enter judgment in ac-

cordance with the prayer of the complaint. It is so ordered.