THE FIRST STATE BANK OF HOBART *v.* MONTONEY ET AL.

[No. 15,918. Filed December 22, 1938.]

*Roscoe R. Peddicord, George E. Hershman,* and *Oscar B. Smith,* for appellant.

*Kelly & Ryan* and *William J. Reed,* for appellees.

DUDINE, J.—This is an action instituted by appellees against appellant for damages for cancelling a certain promissory note made payable to appellant as trustee, and for releasing a real estate mortgage which secured the payment of said note.

The complaint was in one paragraph. Omitting formal parts, signatures, etc., the complaint was as follows:

". . . on and prior to the 14th day of May, 1930, these plaintiffs were the owners of certain real estate situated in Lake County, Indiana, known as one and one-half (1½) acres of improved property in part of the Southeast Quarter of the Southeast Quarter of section thirty, township thirty-six north, range seven west, in said County and State. That at the time said plaintiffs owned said property as aforesaid there was a first mortgage upon the same in the approximate amount of fifteen hundred dollars ($1500.00) to the Union National Savings and Loan Association of Indianapolis, Indiana. That on or about the said 14th day of May, 1930, these plaintiffs sold said property, and that as a part of the consideration, and as a part of the purchase price paid unto them, they accepted a note and a real estate mortgage signed by Phillip D. Erwin and Mary A. Erwin, husband and wife, said note calling for the payment of the sum of sixten hundred and seventy-four dollars ($1674.00) and said note being secured by a mortgage on the said premises. That the said mortgage was duly entered for record in the office of the Recorder of Lake County, Indiana, in Mortgage Record 384 at page 259.

"Plaintiffs further allege that they were the real and equitable owners of the said note and mortgage and that the same were given unto them in payment

of the purchase price of said property as aforesaid. That, however, for convenience of the handling of the transaction, and by consent of the defendant, the said note was made payable to the defendant herein, as 'Trustee' for these plaintiffs. That the said note and mortgage were thereupon turned over to the defendant herein, and were taken and held, and are still held, by the herein defendant, in trust for the use, enjoyment and benefit of plaintiffs.

"That the said note and mortgage are now past due and unpaid, and that there is due thereon and thereunder to these plaintiffs the sum of $1674.00 together with interest.

"That notwithstanding its duty in the premises as imposed by law, the defendant herein, while acting in said trust capacity for plaintiffs herein, without having the consent or the authority of plaintiffs or either of them, did wrongfully, illegally and without right, on or about the 10th day of January, 1935, release and cancel said note and mortgage, and that said defendant did cause a release of said mortgage to be executed by Byron M. Findling, its Cashier, and recorded in the office of the Recorder of Lake County, Indiana, in Release of Mortgage Record 265 at page 540.

"That at no time did plaintiffs or either of them sanction or authorize the release of their said note or mortgage; that, on the contrary, plaintiffs refused to cancel or release the same, and refused to permit the same to be cancelled.

"That by reason of the said acts so done and performed by the defendant these plaintiffs have suffered the loss of and have been damaged in the sum of Twenty-five Hundred Dollars.

"Wherefore plaintiffs and each of them sue and demand judgment against the defendant for the sum of twenty-five hundred dollars ($2500.00) together with the costs of this action, all interest and such other and proper relief as may be necessary in the premises. . . ."

Appellant filed a motion to make the complaint more specific, which motion was overruled, and appellant filed a demurrer to the complaint, which demurrer was overruled. Thereupon appellant filed an answer in three paragraphs, the first being a general denial, the second

alleging payment, and the third setting up a special defense. The third paragraph of answer involves many facts. It is not necessary or expedient that we incorporate said paragraph of answer or its substance in this opinion.

The cause was submitted to a jury for trial and the jury returned a verdict in favor of appellees in the sum of $1500.00. Judgment was rendered on the verdict and appellant filed a motion for new trial which was overruled.

The errors assigned upon appeal and discussed in appellant's brief are alleged error in, (a) overruling appellant's motion to make the complaint more specific, (b) overruling the demurrer to the complaint, and (c) overruling the motion for new trial.

The only point stated in support of the assigned error in overruling the motion to make the complaint more specific is that "the complaint should have stated the actual cash or market value of the junior mortgage." The same point is the sole contention stated in support of the assigned error in overruling the demurrer to the complaint.

It is sufficient to say with reference to contended error in overruling the motion to make the complaint more specific that the appellant has not shown that said ruling was prejudicial. Conceding, but not holding, that said motion should have been sustained, in the absence of such a showing, the ruling did not constitute reversible error. *Cline* v. *Rodabaugh* (1933), 97 Ind. App. 258, 259, 179 N. E. 6, and authorities there cited.

*First National Bank of Rensselaer* v. *Ransford* (1913), 55 Ind. App. 663, 104 N .E. 604, like the instant case, was a suit for conversion of a note secured by a real estate mortgage. The complaint alleged the face value of the note but did not allege any "actual or market

value." The question presented by appellant here was presented in that case by a demurrer to the complaint. This court said in that case (p. 667) with reference to such contention:

"A promissory note is a promise to pay a definite sum of money and is prima facie worth the specified amount. Interest is a matter of calculation, and in law that is certain which may be ascertained by mathematical calculation."

This court held in that case that no error was committed in overruling the demurrer to the complaint. On authority of *First National Bank of Rensselaer* v. *Ransford, supra,* we hold that no error was committed in overruling the demurrer to the complaint in the instant case. See also *Harlan* v. *Brown* (1892); 4 Ind. App. 319, 30 N. E. 928, to the same effect.

One of the causes for new trial which is presented is contended error in admitting in evidence a certified copy of the junior mortgage. Contended error is based on the fact that it failed to show that Indiana intangibles tax stamps were attached to the mortgage. Appellant relies primarily upon Sec. 30 of the Intangible Tax Law, which is Sec. 64-930 Burns 1933, Sec. 15928 Baldwin's 1934, and provides as follows:

"No intangible in respect of and by which the tax imposed by this act is measured, shall be valid or enforceable, nor shall the same be sold, assigned or transferred, renewed, removed, consigned, mailed or shipped unless and until all taxes and penalties accrued on account thereof shall have been paid."

The Intangibles Tax Law, and Sec. 30 thereof in particular do not prescribe that "intangibles" shall not be admitted in evidence if they do not have intangibles tax stamps attached. Appellant cites *Plessinger* v. *Depuy* (1865), 25 Ind. 419, in support of such contention, but the decision in that case is based upon a federal statute which expressly provided that the promissory note, which was the basis of the suit, should not be "admitted

or used as evidence in any court until a legal stamp shall have been placed thereon." *Plessinger* v. *Depuy, supra,* is therefore not applicable here.

It should be noted that this is not a suit to *enforce* an "intangible," this is a suit for damages for wrongful cancellation of an "intangible." The admission of said exhibit in evidence was proper.

Another cause for new trial which is presented is the giving of instruction number four given on the court's own motion, which reads as follows:

> "If the jury find, from a fair preponderance of the evidence, that the plaintiffs did sell said property to Phillip D. Erwin and Mary A. Erwin, husband and wife, and took a note and mortgage back for the unpaid balance of the purchase price in the sum of $1,674.00 and that said note and mortgage was taken in the name of defendant bank, as trustee for the use and benefit of the plaintiffs and that the defendant bank has refused to account to the plaintiffs for the proceeds of said note and mortgage, and that the defendant has wrongfully and without right released and cancelled said note and mortgage, without accounting to the plaintiffs for the proceeds of said note and mortgage as alleged in plaintiff's complaint, the court instructs you that in that event the plaintiffs are entitled to recover from the defendant, and your verdict, in that event, should be for the plaintiff in whatever amount you may find the defendants indebted to the plaintiffs for the cancellation and unlawful disposition of said note and mortgage. *The amount would be the full face value of the note and mortgage, together with interest thereon, less such payments as have been made upon said note and mortgage, if any.*" (Our italics.)

Appellant objects to the last sentence of the instruction and contends it does not state the proper measure of damages.

A similar statement as to the measure of damages was incorporated in two other instructions given to the jury, neither of which was tendered by appellant.

Appellee cites *Depuy* v. *Clark* (1859), 12 Ind. 427, 431, in defense of said instructions. That case, like the case before us, was a suit by a pledgor of a promissory note against the pledgee for conversion thereof by cancellation and surrendering it to the maker. This court in discussing the evidence said: "If the note was placed in the hands of the defendant as a mere pledge or collateral security for the payment of the debt, we are of the opinion that the defendant, under the circumstances shown, was liable to the plaintiff for the amount of the note and interest, . . ., he became bound to the plaintiff for the full amount thereof."

It should be noted that the maker of the note in the *Depuy* v. *Clark* case, *supra,* was solvent at the time of the alleged conversion and was "worth considerably more than would pay all his debts." No evidence was offered in that case to show that the note was *not* worth its face value, or that the pledgor suffered damages amounting to *less* than the face value of the note.

In *Pratt* v. *Boyd* (1861), 17 Ind. 232, which was a suit against a pledgee of a promissory note for conversion thereof, it was shown that the maker of the note had no property subject to execution. The trial court instructed the jury in effect that if the maker of the note had no property subject to execution at a given date the note was of no value hence the defendant was not liable for conversion. On appeal our Supreme Court held that such instructions were erroneous and said on the subject (p. 233) :

"The fact that a man is insolvent at one period is not conclusive evidence that he will always remain so. Nor is that fact conclusive proof that his note is worthless. Take the case of an honest, industrious young man of twenty-one years of age, who is without a dollar's worth of property, but who by his industry is able, and by his honesty is willing, to pay notes he may execute. Is his note worth nothing? Take the man of family, without prop-

erty, but with a business talent and education which enable him to earn five dollars a day, and with honesty that leads him to fulfill his promise. Is his note for a hundred dollars worth nothing? Other elements than mere amount of property subject to execution enter into a man's credit and the value of his paper."

In *Fox* v. *Wray* (1877), 56 Ind. 423, our Supreme Court held that in a suit for damages for wrongful entry of satisfaction of a mortgage record, the proper measure of damages was "the value of the security afforded by the mortgage, not exceeding the amount of the balance due on the note." See also *Schutt* v. *Arkansas Rice Growers Credit Corp.* (1931), 183 Ark. 972, 39 S. W. (2nd) 517.

In *Harlan et al.* v. *Brown, supra,* another suit for conversion of a promissory note, our Supreme Court said (p. 324):

"A promissory note is a promise to pay a certain number of dollars. It is *prima facie* worth that many dollars, its face value. In an action for the conversion of such a chose in action, if the maker was insolvent or there was a legal defense to the note, or there were any facts rebutting the presumption that it was worth its face value, such matters might be shown in defense to reduce the damages. *Latham* v. *Brown,* 16 Iowa, 118; *American Ex. Co.* v. *Parsons,* 44 Ill. 312; *Menkens* v. *Menkens,* 23 Mo. 252."

In *First National Bank* v. *Ransford, supra,* this court said (p. 667) with reference to such question: "If there is a defense to the note or anything rebutting the presumption that it is worth its face value, said matters may be shown in defense . . ."

We have been unable to find any other statements of the courts of appeal of this state as to the proper measure of damages in cases similar to the one before us, wherein evidence was offered which showed that the note was *not* worth its face value. Our courts of appeal have, however, consistently held in suits

for conversion of promissory notes that the face value is the *prima facie* value of the note. Such a holding is a holding in effect that the face value of the note shall *not* be considered the *actual* value of the note in *all* cases, and hence the face value shall *not* be considered the proper measure of damages in *all* cases; but that the face value is the proper measure of damages only *in the absence of proof that the note is not worth its face value, or that it is worth less than its face value.* See Sutherland on Damages, 4th Ed., Sec. 1132; Note 99 A. L. R. 26 at page 33; 21 R. C. L. pp. 678, 679.

The instructions which were given to this jury ■ and to which we have referred, in effect told the jury to disregard any evidence which showed that the converted note was worth *less* than its face value.

Appellant tendered an instruction which recognized the face value of the note as the *prima facie* amount of damages and instructed the jury to take into consideration the "actual value or fair cash market value of the note" in determining the amount of damages if any, but the court refused to give said instruction. The court's refusal to give said instruction is assigned as a cause for new trial and is presented here.

Appellant offered to introduce evidence which showed that the note was not worth its face value but the court sustained appellee's objection thereto. The court's refusal to admit said evidence is assigned as a cause for new trial and is discussed in appellants' brief.

Other questions, including the question of excessive damages, are presented but in view of the conclusion we have reached and in view of the fact that said other questions are not likely to be presented in a retrial of this cause we refrain from discussing said other questions.

The record does not conclusively show that the jury disregarded the instruction given on the measure

of damages, or that said instructions were harmless.

Judgment reversed with instructions that appellants' motion for new trial be granted.

Curtis, C. J., not participating.