## THE AMERICAN EXPRESS COMPANY
### *v.*
### CORDELIA D. PARSONS.

1. TROVER — *conversion of a note* — *measure of damages.* In an action of trover and conversion for a note, the measure of damages, *prima facie*, is the sum due on the instrument.

2. CASE — *measure of damages.* In case, and other actions for wrongs, where there are no circumstances which authorize punitive damages, the true measure is the amount the plaintiff has really sustained. Where it appears that a note intrusted to an express company was lost through negligence, the injury is the same as if it had been converted, and the measure of damages should be the same.

3. BAILEE — *his liability.* If a bailee is robbed of goods, it is no defense to an action against him, that the owner may still pursue the thief and recover the property by replevin. An express company, undertaking to collect a note, must employ the usual means therefor, or be liable for damages resulting from their negligence.

4. SAME. Notwithstanding the company is *prima facie* liable for the sum of money due on the note, they have the right to establish, by any legitimate evidence, that the damages were less in fact. Should it appear that the maker

was insolvent, or that there was a legal defense to the note, or other facts rebutting the presumption of loss, it will reduce the damages.

5. INSTRUCTIONS — *when not error to refuse.* It is not error to refuse an instruction announcing a correct legal principle, if there is no evidence in the case upon which it can be based. It was not error to instruct the jury that, if the company, or those to whom the note was intrusted, fail to show the circumstances of the loss, it may be presumed to have been through carelessness. When a party is intrusted with property, and is not able to account for it, except that it is lost, if not a legal presumption of carelessness, it is so far conclusive that a court would not reverse for giving such an instruction.

6. BAILEE — *his rights.* In case of the loss of a note, as in this case, if the debt may yet be collected, the trouble, expense and inconvenience should fall on the company and not the creditor. By paying the damages occasioned by the loss of the note, the company became invested with the right to look to the maker for the amount due on the note to indemnify them for the money thus paid.

APPEAL from the Superior Court of Chicago; the Hon. JOHN M. WILSON, Chief Justice, presiding.

This was an action on the case commenced by John B. Parsons against the American Express company, on the 5th of March, 1861, in the Superior Court of Chicago.

The declaration contained four counts, but subsequently a *nolle prosequi* was entered to the first and second. The third count averred, that, on the 25th of December, 1860, plaintiff caused to be delivered to defendants a certain promissory note made by one Daniel McNair, dated the 12th of February, 1859, payable to James H. Baldwin, for the sum of $545, twelve months from date; which was guaranteed by Hammett & Bro., and indorsed by Baldwin in blank and delivered to plaintiff before delivering the same to defendants; that defendants negligently, carelessly and improperly lost the note, whereby plaintiff lost the sum of money therein named.

The fourth count is in trover and in the usual form, and is for the note described in the third count. Defendants pleaded the general issue. On the 12th day of December, 1865, the death of plaintiff was suggested and the suit was revived in the name of his administratrix. A trial was subsequently had before the court and a jury.

William A. Baldwin testified that he took the note to the company for Parsons, and took their receipt, which is this:

"AMERICAN EXPRESS CO., CHICAGO, Jan. 23, 1860.

"Received from J. B. Parsons, the following note for collection: Daniel McNair, Galveston, Texas, $545. Proceeds of collection will be returned in funds current where collections are made, and no paper protested unless we have special instructions to do so.

"For the proprietors,            COOPER."

Which was read in evidence. Baldwin stated that he had called at the office of the company, after leaving the note, several times, and they informed him they had heard nothing from it after it was sent, and finally they informed him that it had been lost. That Parsons demanded the note but the company did not return it to him. The agent of the company informed Baldwin that they were not running to Galveston, but they had such arrangements with the Adams Express Company, that they could collect the note.

James H. Baldwin stated that the note was given to him, and he describes it as it is set out in the declaration; and he states that the maker was considered as responsible.

Thomas Wright testified that defendant delivered the note to the Adams Express Company; defendants had arrangements with that company to make such collections.

The court gave for plaintiff this instruction:

"The court instructs the jury, that, if they believe, from the evidence, that the plaintiff gave to the defendants, and the defendants received from the plaintiff, the promissory note in question, for collection, for a compensation or reward therefor to be paid by plaintiff to defendants, and that the defendants, or other persons to whom they intrusted it for collection, lost it by carelessness, then the plaintiff is entitled to recover the value of the note; and that the value, in the absence of evidence to the contrary, is the amount of the note; and that, if the plaintiff is entitled to recover the value of the note, she is

also entitled to interest on that value, from the time the note became due to the date of the verdict; and that, if the jury believe, from the evidence, that the defendants, or those to whom they intrusted it, lost it, and it is not shown under what circumstances it was lost, it is presumed that it was lost by carelessness."

To which the defendant excepted.

Defendant asked, but the court refused to give, this instruction:

"If the jury find for the plaintiff under the first count, the proper measure of damages is not necessarily the amount of the note in question; and that, if the maker of the note has been all the time, and still is, responsible, good and solvent, the damages should be only such actual damage as the plaintiff's intestate sustained under the circumstances of the case, which may be nominal only."

To the refusal of which defendant excepted. They also asked other instructions embodying the reverse of the rules announced by plaintiff's instruction, but were refused by the court, and exceptions were taken.

The jury found a verdict for plaintiff for $763. Defendant entered a motion for a new trial which the court overruled, and rendered judgment on the verdict. The case is brought to this court by appeal. A reversal is relied upon because the court gave plaintiff's and refused defendants' instructions, and because the motion for a new trial was refused.

Messrs. McALLISTER, JEWETT & JACKSON, for the appellants.

Mr. GEORGE F. BAILEY, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

That appellants are liable for damages in this case, is not, nor can be, contested. But it is urged that the court below

adopted, in the instruction given, a wrong measure for such damages. It informs the jury, that, "if the company lost the note by carelessness, then the plaintiff is entitled to recover the value of the note, and that the value, in the absence of evidence to the contrary, is the amount of the note." There seems to be no question that the note was lost, and the jury were warranted by the evidence in finding that it was through the carelessness of the other company with which they had arrangements to make such collections. The law seems to be well settled, that, in an action of trover for the conversion of a note, the amount expressed in it is, *prima facie*, the measure of damages, and it devolves upon the defendant to prove that it was different. So then if a recovery had in this case been under a count in trover, this was the true measure of the damages.

But, if the finding was under the count in case, for the negligence in losing the note, the question arises whether a different rule should prevail. In all actions for wrongs, unaccompanied with circumstances which authorize a jury to give punitive damages, the true measure is the amount of damages the plaintiff really sustained; and, in an action of case like the present, this would no doubt be the rule. But, when appellee proved the loss of the note through negligence, *prima facie* the sum due on the note would be the actual loss which he sustained. In case, as in trover, the note is lost to the owner, and his injury by the loss would be the same. Whether lost by negligence or delivered to a wrong person, can make no difference as to the injury sustained. In this case he has lost his note, and it is by the negligence of the bailee. It is conceded that appellee's action at law is gone, but it is contended that his remedy in equity is complete. Even if this were granted, would it follow that appellee was bound to resort to it? He has by the negligence of appellant been deprived of the evidence of the debt, and the evidence shows that the maker of the note was solvent, and had the company presented the note it would probably have been paid.

If a bailee was robbed of goods through his negligence, it would not be an answer to an action on the case to say, that

the owner could pursue the thief, and recover his property by an action of replevin, and could only recover the expense of the replevin suit. Yet in that case the ownership would not be changed, and he could recover as effectually as appellee can in this case. Appellants undertook to collect the money, and it was their duty to have used the usual means by themselves or their agents to do so, or answer in damages for loss occasioned by their negligence.

Notwithstanding the sum of money due on the note, with interest, is *prima facie* the measure of damages, the defendants may prove, by any legitimate evidence, that the damage was in fact less. If they had in this case shown that the maker was insolvent, or that there was any legal defense to the note, or any other state of facts by which his loss was reduced, it would have lessened the damages to what the real loss was shown to have been.

In this case, appellants gave no such evidence to the jury. It then follows that if their instructions on this question did present correct abstract legal propositions, no injury has resulted by their refusal, or by giving appellee's instructions.

It is not error to refuse to give instructions which contain correct legal propositions, if there is not evidence upon which to base them. We have, however, been referred by appellant to the case of *Hamilton* v. *Cunningham*, 2 Brockenbrough, 350, as an authority in this case. We have examined and carefully considered it, and fail to see that it militates against the views here expressed. The facts of the two cases are different. In that, the bills of exchange were remitted and received as a payment, or the means of payment, of an existing indebtedness, and the question was, as to which should sustain the loss, the debtor or the creditors. The creditors having failed to give notice of the protest of the notes received in payment of the bills, and having given credit to the debtor, the creditors were held to be liable for the loss. That case was decided on the principles of commercial law. In this case the note was received by an agent to collect for a compensation, and through their carelessness the note was lost, and they

are *prima facie* liable for the face of the note. By its loss the holder is deprived of the evidence of his debt, and he should not be required to be at the trouble and expense of supplying it; that should fall upon the party whose wrong has produced the injury.

If a recovery of the debt may yet be had, it is but reasonable for appellants to take the hazard, incur the expense and suffer the inconvenience. They have the proof in their power, and a court will, upon indemnifying appellee, permit appellants to proceed in her name for its collection. Their negligence has produced the difficulty, and they should suffer the inconvenience and consequent loss. They have no right to shift it to others who have in no way contributed to the injury. By appellee suing and recovering the principal and damages in this case, appellants thereby become invested with the right to look to the maker for the means of indemnifying themselves for money when paid in this action.

It is again urged that the court erred by instructing the jury, that, if it appeared that the note was lost by the defendants, or those to whom it was intrusted, and it is not shown under what circumstances it was lost, it is presumed that it was lost by carelessness.

When a party is intrusted with property, and is unable to account for it only by proving that it has been lost, and can show no circumstances attending its loss, — if not a legal presumption of carelessness, it is of that strong character that the court would not be inclined to reverse a judgment for giving such an instruction, even if it were not a legal conclusion. It is so strong that such an instruction could not mislead a jury by informing them that it created a legal presumption. We can imagine no answer that could be urged against its forcible character. The statements of the facts produce convictions of carelessness to every mind.

The judgment of the court below must be affirmed.

*Judgment affirmed.*