## Adelbert W. Olds

### v.

## Chicago Open Board of Trade.

*Trover—Board of Trade Membership—Certificate of.*

1. The measure of damages in an action of trover for the conversion of a paper of no intrinsic value in itself, but evidence of title to a valuable right, interest or property, is the value of the right of which it is evidence of title with interest from the date of the conversion to time of trial.

2. The cancellation of a certificate of membership amounts to a conversion thereof.

[Opinion filed September 11, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Mr. C. H. WILLETT, for appellant.

The court erred in refusing to hold that the facts constituted a conversion of the plaintiff's certificate of membership. The other propositions of law refused depend for their refusal upon this mistake of the trial judge.

Judge Waterman found that the acts of the directors of the open board were void. Because they were void he held there could be no conversion.

In People v. N. Y. Cotton Exchange, 8 Hun (15 Sup. C.), 216, it was held to be illegal for a corporation that had issued a certificate of membership to inquire into the que tion of its equitable owner.

The court found that case to be on all fours with the one at bar; and that the open board had no jurisdiction to try the charges against Olds.

In Thompson v. Adams, 93 Pa. St. 55, it was held that an equitable owner of a seat in the Philadelphia Board of Brokers could not share in the proceeds of a sale of the seat upon the death of the legal owner as against members of the board who are creditors of the legal owner.

Clearly, if the court found the action of the open board in expelling Olds and canceling his certificate and issuing it to Marks to be illegal, such acts constituted a conversion of his certificate of membership.

A certificate of membership in the open board is property. Jones v. Fisher, 16 Ill. 68; Weaver v. Fisher, 110 Ill. 146; Hyde v. Woods, 94 U. S. 525; Powell v. Waldron, 89 N. Y. 328.

The court erred in excluding evidence of the market value of the certificate of membership at the time of its conversion. Sturges v. Keith, 57 Ill. 451; Cook on Stock, Sec. 581, case cited; Dos Passos on Stock Exchange, 801; Sedgwick on Dam. (7th Ed.) 585, cases cited; Field on Dam., Sec. 792.

The evidence showed that such certificate had a market value in January, 1884, at the time of its conversion. The market value was the lowest measure of damages.

The measure of damages in illustrative cases: Loss of note; its face and interest.   Am. Ex. Co. v. Parsons, 44 Ill. 312. Lost bond: such sum as the plaintiff is entitled to recover from the obligee in the bond.   Romig v. Romig, 2 Rawle, 241.   A life insurance policy, tortiously obtained, in the absence of other evidence; its face value.   Hayes v. Mass. Mutual Life Ins. Co., 125 Ill. 626–637.   In trover for title deeds : the full value of the estate.   Loosemore v. Radford, 9 M. & W. 659;   Coombe v. Sanson, 1 Dowl. & Ry. 201; Mowry v. Wood, 12 Wis. 413;   Cowles v. Hanley, 12 John. 483.   Stereotype plates for printing labels: the face value to the owner.   Stickney v. Allen, 10 Gray (Mass.), 352.

The injured party is entitled to damages which will place him in as good condition as though the wrong had not been committed.   1 Sutherland on Dam., 127, 128.

In trover, or analogous actions, the title to the property is vested in the defendant after judgment and satisfaction; others hold judgment alone vests title.   Wood's Mayne on Damages, p. 510, n. 3.

"Want of title must always be specially pleaded and no evidence can be given under the general issue even in mitigation of damages to show that the property really belonged to another person."   Wood's Mayne on Damages, 562; Finch v. Blout, 7 C. & P. 478;   Jones v. Davis, 6 Ex. 663.

Bringing a suit for damages is a waiver of plaintiff's right to *mandamus* to be restored to the open board.   State v. Lipa, 28 O. St. 665.

The finding of one dollar damages was contrary to the evidence.

The evidence that $500 initiation fee must be paid to become a member, was introduced without objection.

Under such evidence alone, the court should have found $500.

Messrs. Bisbee, Ahrens & Decker, and D. M. Kirton, for appellee.

Gary, J.   The case shows that the appellant was a member of the appellees' board.   The certificate of his membership

was in the possession of one Sackett. At the instance of Sackett, appellee canceled the certificate. After it was canceled appellant was, by the appellee, excluded from the board. Whether as between Sackett and the appellant, the equitable ownership of the certificate was in the one or the other, is not made clear by this record, and what may be the effect of an inquiry into that ownership, is not touched by this opinion.

It stood in the name of appellant, and was treated by the Circuit Court as his, in awarding him nominal damages.

The declaration is very voluminous, but in effect sets out the circumstances which are a basis for a count in trover for the certificate. Then, treating the action as trover, the question is as to the measure of damages. The paper upon which the certificate was, could have had only an infinitesimal value, but it was the title, or evidence of the title, of the appellant to do business on the board, and the want of it was, by the appellee, treated as the destruction of his right to do business. Both by the offer of testimony and by a proposition of law presented to the court, the appellant sought to have the value of a certificate of membership of the board, with interest, adopted by the court as the measure of damages, which being refused by the court, the appellant excepted. It is apparent that by a certificate of membership the appellant meant, and the court understood, the membership itself—the right to transact business on the board.

In analogous cases this has been generally adopted as the rule, and the value of the right, interest and property of which the paper was the title, or the evidence of the title, has upon conversion of the paper been taken as the measure of the damages. Am. Ex. Co. v. Parsons, 44 Ill. 312; Hayes v. Mass. L. I. Co., 125 Ill. 626.

The cases are numerous and collated to a late date, in 3 Sutherland on Dam., 520 *et seq.*, and 2 Sedgwick on Dam., side paging 488 *et seq.*

Whatever variation from this rule may be found in the reports, it has not probably been departed from in any case where the instrument converted was the evidence of the title

to something withheld by the defendant from the plaintiff, as in this case.

See the distinction made in Daggett v. Davis, 53 Mich. 35.

The intangible membership was not the subject of a conversion; neither is an interest in realty; but the damages for the conversion of a paper of no intrinsic value, which is the evidence of such an interest, are, as against one from whom the interest is derived, who converts the paper and denies the interest, the value of the interest itself.

The court holds that the cancellation of the certificate was a conversion of the paper on which it was, and that for that conversion the measure of the damages *prima facie*, is the value of the right of which that certificate was the evidence of title, with interest from the time of conversion to the time of trial.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*