## L. L. Barth v. Union National Bank.

1. INJUNCTIONS—*What Are Not Impediments to Granting.*—The fact that a certificate is in *custodia legis* and the custodian is the party interested in evading the claims of third persons upon such certificate, is no impediment to such restraint upon such custodian, as may be prudent to prevent wrong-doing.

2. ASSIGNMENT OF ERRORS—*Must be Special.*—Where a part of an order enjoining the prosecution of a replevin suit is valid and the assignments of error upon it are in effect that the whole order is invalid if the order is in part right, the assignments must be overruled.

3. TROVER—*Lies for Property Not Taken in Replevin.*—Where property has not been taken in replevin, the plaintiff may proceed in trover for it, or if taken and the replevin suit is not prosecuted successfully, and the property not returned, the plaintiff may maintain trover for it.

4. MEASURE OF DAMAGES—*Conversion of Certificates of Stock.*—In actions of trover for the conversion of certificates of stock as between the owner and the wrongdoer, the measure of damages is the value of the stock represented by the certificate.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed October 22, 1896.

Moran, Kraus & Mayer, attorneys for appellant; Graham S. Harris, of counsel.

Tenney, McConnell & Coffeen, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

This is an appeal from an interlocutory order granting, without notice, an injunction to the appellee to restrain the appellant " from selling, transferring or otherwise disposing of the fifty (50) shares of the capital stock of the Edward Hines Lumber Company represented by certificate number twenty-eight (28)." The bill, properly verified, alleged that the stock was pledged to the bank as collateral security for a note of the appellant for $5,000, which being overdue, the bank notified the appellant that it would sell the stock at auction; that at the time and place of sale the appellant appeared, with two attorneys, one of whom objected to the sale proceeding, and the other asked to see the certificate, which being handed to him he immediately delivered it to a constable, who held a replevin writ sued out by the appellant from a ' justice, upon an affidavit stating that the value of the certificate was $10. The bill alleges that the stock is worth $5,000.

We disregard the statement in the bill, of the fear of the bank that the appellant " will make way with the said certificate," and also the clause in the accompanying affidavit that " the rights of the complainant in said bill will be unduly prejudiced if the injunction prayed for therein is not issued immediately and without notice; " but the suing out a replevin writ, upon an affidavit that the stock was of the value of $10, followed by the presence of the appellant at the time and place of sale, attended by two attorneys, whose combined fees must have been that sum several times multiplied, is of itself such evidence that the appellant was reckless of consideration worthy of regard, that, taking into account the method adopted to obtain possession of the certificate, it did fairly " appear" to the court that the conclusion expressed in the affidavit accompanying the bill was

a just one.  So much of the order as has been recited is therefore affirmed.

The fact that the certificate is in " *custodia legis,*" when the custodian is the party interested in evading the claim of the bank upon the certificate, is no impediment to such restraint upon him as may be prudent to prevent wrong-doing.

To the residue of the order enjoining the prosecution of the replevin suit, there is no separate assignment of error. The assignments are in effect that the whole order is wrong, and therefore if it is in part right, the assignments must be overruled.   2 Ency. Pl. & Pr., 951.

The order appealed from is affirmed.

MR. JUSTICE GARY, ON PETITION FOR REHEARING.

This petition seems to be prompted by a feeling that the opinion filed " reflects unwarrantably upon the appellant."

Then it is said that " the contention of the appellant now is, and his position when making the affidavit, was, that the mere certificate was of purely nominal value."

If the certificate had not been taken on the writ, the appellant might have proceeded in trover, or being taken, if the replevin suit had been prosecuted unsuccessfully, and the certificate not returned, the appellee might have maintained trover.  Sec. 18, Ch. 119, Replevin; Bruner v. Dyball, 42 Ill. 34.

In either of such events the measure of damages would have been the value of the stock represented by the certificate.   Olds v. Chicago Open Board of Trade, 33 Ill. App. 445.

In contemplation of law, that is the value of the certificate as against a wrongdoer.   The replevin suit was upon the assumption that the appellee was a wrongdoer, and the action of trover for non-return would have been on the assumption that the appellant was a wrongdoer.   So in either case the subject-matter of controversy was, in contemplation of law, worth the value of the stock represented by it, and the justice had no jurisdiction.   Now, that for a debtor

to take from the possession of his creditor, collateral, pledged for the debt by legal process sued out from a court having no jurisdiction, upon an affidavit to be justified only by a casuistry that would whittle away the value of notes of solvent banks, is a proceeding commending itself to a court of equity, can hardly be contended.

The appellant now, in the petition, for the first time attacks the bond filed when the injunction was issued. That attack is too late. West Chicago Park Commissioners v. Kincade, 64 Ill. App. 113.

There is little resemblance between this case and Mexican Asphalt Co. v. Mexican Asphalt Paving Co., 61 Ill. App. 354.

The injunction there was to prevent the execution of legal process sued out by an adversary having no relations with the complainant, and to prevent the removal of the asphalt from the State. The process issued from a court having jurisdiction, and the plaintiff in it was not, therefore, to be restrained in the exercise of his legal right; and as he had never had possession of the asphalt, that part of the injunction which prohibited it from taking the asphalt out of the State had no foundation; the whole injunction was wrong. It is not the want of jurisdiction of the justice which gives the appellee here a standing in equity, but a misuse of means to get possession of the certificate; and the fact that such misuse was under color of legal proceedings, is no palliation and does not shut the door of equity.

The petition for a rehearing is denied.