### Mary Hoff, Plaintiff in Error, v. Frank Parmelee Company, Defendant in Error.

### Gen. No. 13,746.

1. MUNICIPAL COURT ACT—*what not intent of.* The Municipal
Court Act was not intended to cut off the right of a plaintiff to a
review of a judgment of that court where the trial judge has, at
close of the plaintiff's proofs, directed a verdict against him.

2. BAILMENTS—*what establishes liability for loss of baggage.*
*Held,* that the evidence in this case established *prima facie* that
the defendant express company acquired possession of the plaint-
iff's trunk without authority, and that the loss of property con-
tained therein resulted to the plaintiff during the period of such
unlawful possession.

3. DAMAGES—*upon whom burden rests to establish value of
promissory note.* Upon claim for the physical loss of a promissory

note through the neglect of a carrier, the burden is not upon the plaintiff in the first instance to prove the actual value of such note —its face value is its actual value until the contrary is established.

Tort. Error to the Municipal Court of Chicago; the Hon. FREE-MAN K. BLAKE, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed April 6, 1908.

MALCOLM B. STERRET, for plaintiff in error.

SHERIFF, DENT, DOBYNS & FREEMAN, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff commenced this action in the Municipal Court of Chicago to recover the value of a muff and a promissory note claimed by her to have been abstracted from her trunk found in the possession of defendant.

The trial in the Municipal Court was with a jury, whom the court, on motion of defendant, instructed to find a verdict in its favor, upon the return of which a judgment of *nil capiat* was entered, and this writ of error is prosecuted to reverse that judgment.

Defendant opines that the Municipal Court Act was intended to cut off the right of a plaintiff to a review of the judgment of that court where the trial judge views the plaintiff's case, at the close of such plaintiff's proofs, as so lacking in merit as not to justify, in his judgment, its submission for the determination of the jury; that the Municipal Court Act was intended to cut off the right of review in such apparently unmeritorious causes. We are not at all impressed with the reasonableness of logic of such an argument. An examination of the Act does not, even inferentially or by construction, show such legislative intent; and if it did, we should doubt the propriety or enforcibility of such a law. Here is a plaintiff, for example, making a claim amounting to more than $800. If the claim is a valid or enforcible one at law, and the trial judge has erred in his judgment

in holding against its validity, has not such plaintiff been deprived of a very substantial legal right, and has not the defendant escaped liability for a just obligation? Surely, this proposition would seem so plain as not to call for further amplification. To hold otherwise would be tantamount to conceding so-called divine power to the Municipal Court judge, for to err is human, and we have yet to understand that judges are not human, and so being are just as liable as the rest of humanity to err in their opinions and judgments. At the risk of inviting many causes into this tribunal, we must not disregard the plain right of the litigant by denying him a review in this court in cases of the character of the one under discussion. The spirit of our laws demands it. The provision of the Municipal Court Act neither curtails nor denies that right.

The record is lawfully before us on the writ of error sued out in accord with the directions of the Municipal Court Act, and demands our review.

Defendant proceeds, we think, on a misconception of the situation of the parties and their relation to each other. There is no contractual relationship existing between them. They do not sustain the relation to each other of shipper and carrier. If they did, the cases cited and the argument made by counsel for defendant would be conclusive against the claim of plaintiff; as they do not, neither the authorities nor argument of defendant are applicable or of a controlling nature.

The trunk of plaintiff is found in the possession of defendant. That possession being without authority and unexplained, is unlawful. Moreover, when plaintiff found the trunk on the premises of defendant, she stated in the presence of one of defendant's servants that it had been "ransacked." This servant said in reply to that statement, "Yes, I ransacked your trunk." In the absence of contervailing evidence these facts constitute *prima facie* proof that defendant was unlawfully in the possession of the trunk of plaintiff, and that the trunk was "ransacked" by its servant. This

Hoff v. Frank Parmelee Co.

made it of the essence of a defense to the claim that a muff and note of $800 had been abstracted or lost from the trunk, for defendant to prove facts sufficient in law to exculpate it from the liability imputable to it from plaintiff's proof of such loss. The uncontradicted evidence in the record is, that plaintiff had in the trunk a muff which cost her $25 and a promissory note for $800, which were not in the trunk when recovered from defendant. This being established by the proof, plaintiff was entitled to recover from defendant the damages sustained by her by reason of the loss of these articles.

The giving of the peremptory instruction was vital error. The testimony of plaintiff and her witnesses, uncontradicted as it stood in the record, was ample to support a verdict in her favor. The motion to instruct the jury to find a verdict for defendant at the close of plaintiff's proof had the effect in law of admitting the verity of such testimony, with all reasonable inferences to be drawn from it. Frazier v. Howe, 106 Ill. 573.

Fairfax v. N. Y. Cent. R. R., 73 N. Y. 167, is a case similar to the one at bar, because there the railroad, as the Parmelee Company here, obtained possession of the baggage in dispute without the consent of the owner, and the court there say—and their language is equally as applicable here—"Plaintiff demanded his baggage, and that cast upon the defendant the burden of accounting for it in some way. It was bound to show that it had disappeared from its baggage room without its fault. It was either stolen or misdelivered, and it was under all the circumstances for the jury to determine which."

Considerable stress is laid upon the fact that there is no proof of the intrinsic value of the $800 note said to have been abstracted from the trunk. In the first instance, no such proof was required. It was left for defendant to maintain by evidence that the note was not worth its face value. Am. Ex. Co. v. Parsons, 44 Ill. 312, is controlling on this point. There the court say: "In this case the note was received by an agent

to collect for a compensation, and through their carelessness the note was lost, and they are *prima facie* liable for the face of the note. By its loss the holder is deprived of the evidence of his debt, and he should not be required to be at the trouble and expense of supplying it; that should fall upon the party whose wrong has produced the injury." This being the rule in relation to a lost note lawfully in the possession of the party chargeable with negligence for its loss, it is certainly not less controlling as against one unlawfully in possession of a note at the time of its loss. In the condition of the proof defendant was liable for the face value of the note extracted from plaintiff's trunk, without any preliminary proof of its actual worth. From anything which the evidence discloses to the contrary, the possession of plaintiff's trunk by defendant and the action of its servants in relation thereto were tortious; the burden of rebutting all of which the law cast upon defendant, and before it can be relieved of the liability thus imputable to it, such facts and circumstances must be adduced by proof sufficient to overcome and rebut the facts from which defendant's liability is established.

For the error of the Municipal Court in directing a verdict in favor of defendant at the close of plaintiff's proof, its judgment is reversed and the cause remanded for a new trial in accord with the views here expressed.

*Reversed and remanded.*