(No. 17092.—Reversed and remanded.)
FRANK SIMON, Defendant in Error, vs. FRANK K. REILLY, Plaintiff in Error.

*Opinion filed April 23, 1926—Rehearing denied June 3, 1926.*

1. APPEALS AND ERRORS—*party failing to assign cross-errors in Appellate Court cannot complain of error in trial court.* A party suing out a writ of error to review a judgment entered against him in the Appellate Court cannot complain in the Supreme Court of error committed in the trial court where he assigned no cross-error as appellee in the Appellate Court, as the Supreme Court reviews the record of the Appellate Court only as to errors properly assigned in that court upon which it had jurisdiction to pass.

2. SAME—*when constitutional question cannot be raised in the Supreme Court.* A party desiring to have a review of a judgment of the trial court on constitutional grounds should prosecute an appeal or writ of error to the Supreme Court, or, where his opponent has taken the case to the Appellate Court, he should assign cross-errors on constitutional grounds, so that the appeal may be transferred to the Supreme Court; and where he has assigned no cross-error in the Appellate Court, he cannot, after judgment is entered against him there, raise the constitutional question in the Supreme Court that the statute regulating the practice in the case deprived him of the right to a jury trial.

3. SAME—*Appellate Court must remand cause for error of law.* Where the Appellate Court reverses a judgment of the trial court in a common law action for error of law it must remand the cause to the trial court, where the error may be corrected upon further proceedings.

4. SAME—*when Appellate Court must recite a finding of facts.* Where the Appellate Court's reversal of a judgment of the trial court is the result, wholly or in part, of a finding of facts different from the trial court's finding, section 120 of the Practice act requires the Appellate Court to recite in its final order the facts as found by it.

5. TROVER—*face value of bonds is prima facie their actual value and the measure of damages.* In an action of trover for the wrongful conversion of industrial bonds the face value of the bonds is *prima facie* the value of the bonds, and in the absence of evidence that their actual value is less than their face value the face value must be considered the actual value and taken as the measure of damages in the case.

6. SAME—*when the Appellate Court should not enter judgment against defendant.* Where the trial court, in an action of trover for the wrongful conversion of industrial bonds, enters judgment for one cent and costs, and the Appellate Court reverses the judgment for error of the trial court in refusing to hold the proposition of law that the face value of the bonds was *prima facie* the measure of damages and makes no finding of fact as to the value of the bonds, it is error for the Appellate Court to enter judgment against the defendant for the amount of the face of the bonds.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding.

K. B. CZARNECKI, for plaintiff in error.

FREEMAN, MASON, IGOE & FLAHERTY, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Frank Simon entered into a contract with T. E. Dunn to purchase certain real estate and paid $1000 earnest money, which the contract provided should be held by Frank K. Reilly, the broker who negotiated the sale, who was to retain three per cent commission on the purchase price. The contract provided for the payment of $5300 in eight per cent bonds of the Jackson Fire Brick Company of Jackson, Tennessee, and these were also delivered to Reilly though the contract did not provide for such delivery. The contract was abandoned, and the bonds not being returned Simon brought an action of trover in the municipal court of Chicago against Reilly for their conversion. He recovered a judgment for one cent and costs. Not being satisfied with the amount of the verdict he appealed to the Appellate Court, which reversed the judgment and rendered

judgment against Reilly for $5300, with interest at five per cent from April 20, 1922, amounting to $6095. Upon Reilly's petition a writ of *certiorari* was awarded, and the record has been certified to this court for review.

In the Appellate Court the appellant, who was plaintiff in the municipal court and is defendant in error here, assigned a number of errors, but the only assignments which are important or were considered by the Appellate Court were, error in refusing to find as a fact that the value of the bonds was $5300; in refusing to hold as a proposition of law that in the absence of competent evidence tending to show the actual value of the bonds their face value must be considered to be their actual value; in refusing to hold as a proposition of law that in the absence of evidence as to their actual value the measure of damages is an amount equal to the face value of the bonds; and in not assessing the plaintiff's damages at $5300, with interest from the time of the conversion. The plaintiff in error, who was appellee in the Appellate Court, assigned no cross-error there. He therefore cannot complain in this court of errors committed in the trial court, since this court reviews the record of the Appellate Court only as to errors properly assigned in that court upon which it had jurisdiction to pass. Where the appellee fails to assign cross-errors in the Appellate Court he will not be permitted to do so in this court on appeal from the Appellate Court. *Thompson Co.* v. *Whitehed,* 185 Ill. 454; *Town of Scott* v. *Artman,* 237 id. 394; *Diversey* v. *Johnson,* 93 id. 547; *Columbia Theater Co.* v. *Adsit,* 211 id. 122.

The plaintiff in error has made on the record eight assignments of error on the action of the Appellate Court and has followed these by a further assignment of ten errors on the action of the municipal court, and these latter he prays leave to present, "to be considered as in the nature of cross-errors." We cannot consider either this latter assignment of errors, which was not presented or argued to

the Appellate Court, or part 2 of the plaintiff in error's brief, in which these errors are argued.

The plaintiff in error insists that it was error for the Appellate Court, on reversing the judgment of the municipal court, to enter an original judgment against him for $6095, because he had a right to a jury trial, and contends that he did not waive that right. He had a right to a jury trial, and if the right was not waived it was error for the Appellate Court to render a judgment against him without such trial. (*Mirich* v. *Forschner Contracting Co.* 312 Ill. 343.) The cause was heard in the municipal court by the court without a jury, but the plaintiff in error contends there was no waiver of a jury because the provision of section 56 of the Municipal Court act, requiring the party demanding a jury trial to pay a sum of money to the clerk, is an unconstitutional restriction of the right of trial by jury, and also violates section 22 of article 4 of the constitution, which prohibits special legislation regulating the practice in courts of justice, and section 29 of article 6, providing that "all laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform." The first proposition was decided against the plaintiff in error in *Williams* v. *Gottschalk,* 231 Ill. 175, and *Morrison Hotel Co.* v. *Kirsner,* 245 id. 431. The second and third propositions were decided against him in *Morton* v. *Pusey,* 237 Ill. 26, and *Lassers* v. *North-German Lloyd Steamship Co.* 244 id. 570. These questions are not, however, properly before us. If the plaintiff in error was denied a jury trial in the trial court and desired to have a review of the judgment on constitutional grounds he should have prosecuted an appeal or writ of error in the Supreme Court or have assigned cross-errors

on constitutional grounds in his opponent's appeal to the Appellate Court, and that appeal would then have been transferred to this court. The Appellate Court has no jurisdiction to hear and determine questions of constitutional construction, and in reviewing its judgments we have no jurisdiction to consider questions which were not presented to it.

Although the record presents no constitutional question for our consideration it is properly here as a return to the writ of *certiorari* which was allowed to be issued. The trial court refused to hold propositions of law submitted by the plaintiff that *prima facie* the value of the bonds was their face value, and that in the absence of evidence that their actual value was less than their face value the face value must be considered their actual value and taken as the measure of damages in the case. The Appellate Court in its opinion held this to be erroneous, and it was correct in this holding. (*American Express Co*. v. *Parsons,* 44 Ill. 312; *Union Trust Co*. v. *Rigdon,* 93 id. 458; *Hayes* v. *Massachusetts Mutual Life Ins. Co*. 125 id. 626; *Babcock* v. *Harrsch,* 310 id. 413.) This was an error of law which required the reversal of the judgment. It did not, however, justify the entry of judgment against the appellee. Where the Appellate Court reverses a judgment of the trial court in a common law action for error of law it must remand the cause to the trial court, where the error may be corrected in further proceedings. Where the reversal is the result, wholly or in part, of a finding of facts different from the trial court, section 120 of the Practice act requires the Appellate Court to recite in its final order the facts as found by it. Evidence was introduced by the plaintiff in error of circumstances tending to reduce the value of the bonds, of the physical condition of the property of the company, of the fact that the plant was not operating, and of some sales of the bonds at prices ranging from fifty cents on the dollar to a dollar and five cents. The trial court

held that the evidence showed the value of the bonds to be nominal, only.  The Appellate Court made no finding of fact as to the value of the bonds, and it was therefore erroneous to enter a judgment against the appellee for the amount of the face of the bonds.  *Bower* v. *Thrash*, 287 Ill. 81; *Miles* v. *International Hotel Co.* 289 id. 320; *Dandyline Co.* v. *Linsk*, 295 id. 69.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to enter such judgment affirming or reversing the judgment of the municipal court as may seem proper to it, and if it reverses the judgment without remanding the cause, to recite in its judgment the facts found by it.

*Reversed and remanded, with directions.*