(No. 22758.— )

L. F. O'BRIEN, Admr., Appellee, *vs.* THE FIRST GALESBURG NATIONAL BANK AND TRUST COMPANY, Appellant.

*Opinion filed February 21, 1935.*

BURREL BARASH, for appellant.

LEO P. BAIRD, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

A trial of the right of property was commenced in the county court of Knox county by appellee, L. F. O'Brien, administrator of the estate of Jacob D. Gray, deceased. His claim was for certain livestock, which, with other property not now in question, had been levied upon under an

execution in favor of the appellant, the First Galesburg National Bank and Trust Company, trustee. The county court decided the issues in favor of the appellant, and the administrator prosecuted an appeal to the Appellate Court. That court reversed the judgment of the county court and remanded the cause, with directions to enter a judgment for the administrator of the estate. A certificate of importance was granted by the Appellate Court, and the case is here on appeal.

On June 8, 1929, Earl J. Gray executed a chattel mortgage to his father, J. D. Gray, who was the same person as Jacob D. Gray, to secure a note for $10,000, due on December 8, 1930. The mortgage was extended one year, and the affidavits of J. D. Gray and Earl J. Gray show the sum then due was $10,900. The chattel mortgage contained the usual provisions, including the reservation of the right of possession of the mortgaged property by the mortgagor until default. Subsequent to the filing of the extension agreement Jacob D. Gray died and L. F. O'Brien became the administrator of his estate. Appellant held a judgment against Earl J. Gray, upon which execution was issued and a levy made on December 18, 1931. Among other things, the sheriff levied upon thirteen brood sows, nine calves and one two-year-old black bull, the property here in question. The administrator foreclosed the chattel mortgage, and it was stipulated that the livestock, which the administrator claims, was in his possession from and after March 5, 1932, and until the levy was made. It was also stipulated that upon a sale the proceeds thereof should be held pending the decision of the county court upon the disputed claim of ownership.

The mortgage and extension agreement were introduced in evidence over the objection of the appellant that they were void because they were given with intent to defraud creditors. Earl J. Gray was permitted, over objection of the administrator, to testify on cross-examination

that the amount he owed Jacob D. Gray at the time the note was executed was about $4000. Objections were sustained to questions as to the reason for giving the note and whether the note was delivered. An offer was made by the appellant to show by Earl J. Gray, as appellant's witness, that on June 8, 1929, he, the mortgagor, was insolvent; that he was indebted to one person in the amount of $4000 or $5000 and that he owed the appellant bank between $5000 and $6000; that on the above date he gave the note and mortgage to Jacob D. Gray for the purpose of protecting his property from the levy of other creditors; that the mortgagee did not know at that time, nor until six or eight months later, that a mortgage had been made and recorded and that a note had been signed by the mortgagor in favor of the mortgagee, and that the mortgagor recorded the mortgage and paid with his own funds the fee for its recording. A further offer was made that Earl J. Gray would testify that certain of the personal property mentioned in the mortgage was sold by the mortgagor without the mortgagee's knowledge and consent and that the proceeds were not applied to the payment of the note but were used by the mortgagor. These offers were excluded and the objection that Earl J. Gray was an incompetent witness was sustained.

It is contended that the appellee has not sustained the burden of proving title to the property; that it is not shown that the animals in question are the direct increase of the animals described in the mortgage, and that the transfer under the chattel mortgage was fraudulent. The Appellate Court found that the animals here in question were the descendants, on the side of their dams, of those described in the chattel mortgage though they may not all have been of the first generation, and were covered by the mortgage. Unless there is some agreement to the contrary, the increase of domestic animals belongs to the owner of the dam. (*Hazelbaker* v. *Goodfellow,* 64 Ill. 238; 1 Jones

on Chattel Mortgages and Conditional Sales, (6th ed.) sec. 149; 1 R. C. L. 1070.) The increase of the increase, *ad infinitum,* comes within the rule and such increase belongs to the owner of the original dam. (*Tyson* v. *Simpson,* 3 N. C. 147; *Stewart* v. *Ball's Admr.* 33 Mo. 154; 1 R. C. L. p. 1070.) The Appellate Court properly held that under the law of this State the mortgagee acquired title to the mortgaged property and that the mortgage covered the property in question.

It is contended by the appellant that the judgment of the Appellate Court should be reversed and that of the trial court affirmed for the reason that the chattel mortgage was executed in fraud of creditors. It is urged that the trial court improperly limited the scope of the cross-examination of the mortgagor, Earl J. Gray, and improperly sustained an objection to an offer to prove the fraud charged. The appellant here was the appellee in the Appellate Court. It failed to raise these two questions in that court by the assignment of cross-errors. These objections come too late. In an appeal from the Appellate Court the appellant can not raise for the first time in this court an objection involving the admissibility of evidence, since this court reviews the record of the Appellate Court only as to errors properly assigned there. *Simon* v. *Reilly,* 321 Ill. 431, 433; *Columbia Theatre Co.* v. *Adsit,* 211 id. 122, 124.

This also disposes of appellant's contention that the administrator failed to connect himself with the title to the property in question.

For the reasons indicated the judgment of the Appellate Court was correct, and it is affirmed.

*Judgment affirmed.*